## Ephraim R. Hartman *v.* Franklin Fick, Appellant.

*Easement—Right of way—Obstruction by gate.*

Where land is subject to a right of way, the owner of the land, for the protection of his fields, may erect a gate across the right of way, provided that he observes a reasonable regard for the convenience of the owner of the right of way.

Argued March 5, 1895. Appeal, No. 225, July T., 1894, by defendant, from judgment of C. P. Berks Co., June T., 1893, No. 76, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for removal of a gate constructed across a right of way. Before ERMENTROUT, P. J.

At the trial it appeared that plaintiff and defendant were owners of adjoining farms. Defendant's predecessors in title

acquired, by prescription, a right of way for ordinary agricultural and farm purposes through ten acres of uninclosed woodland of plaintiff. Three years prior to the trial of the case plaintiff cleared the land for cultivation and for the purpose of keeping out cattle that might stray from the public highway, and to keep his tenant's cattle in, erected an ordinary swinging gate at the entrance of the way. There was no question of defendant's right of way ; neither was it disputed that the gateway was of the proper kind, if plaintiff was entitled to have one. The defendant cut down this gate, and this constituted the alleged trespass.

Defendant presented the following point:

"It being undisputed that the defendant's predecessor in title acquired a right of way over the plaintiff's land by prescription prior to 1850, and that the defendant acquired his title in 1882, and that at no time prior to May, 1893, was there a gate or other obstruction across the defendant's right of way so acquired; the plaintiff had no legal right to erect a gate of any kind across the defendant's right of way, the gate erected by the plaintiff in April, 1893, was an invasion of the defendant's right, and the removal thereof by the defendant was not a trespass upon the right of the plaintiff, and the verdict must be for the defendant."

Mr. Ruhl: "Plaintiff says he will not seriously dispute our right of way, and while the defendant would not argue to the jury that it is not a reasonable obstruction, yet he does not admit it. In order to put the case in proper shape the court might direct a verdict for the plaintiff and reserve, as a question of law, the point we have presented."

Mr. Snyder: "I would suggest that a verdict be rendered for the plaintiff for $1.00 and then a motion can be made to enter a judgment for the defendant non obstante veredicto upon the point reserved."

The Court: "Gentlemen of the jury, that will relieve you from the further consideration of this case. A verdict will be rendered in favor of the plaintiff for $1.00 and the legal question will be reserved for the further consideration of the court.

Rule entered to show cause why judgment should not be entered for the defendant non obstante veredicto.

On July 7, 1894, the rule was discharged and judgment entered in favor of plaintiff in an opinion by ERMENTROUT, P. J.

*Error assigned* was in entering judgment for plaintiff upon the reserved point.

*C. H. Ruhl* of *Ermentrout & Ruhl*, *B. Y. Shearer* with him, for appellant, cited: Jones v. Crow, 32 Pa. 398; Goddard's Law of Easements (Bennett's ed. 1880) 331; Demuth v. Amweg, 90 Pa. 181; Welch v. Wilcox, 101 Mass. 162; Dickinson v. Whiting, 141 Mass. 414.

*A. B. Rieser* and *Jefferson Snyder*, *Morris H. Schaffer* with them, for appellee, cited: Capers v. Wilson, 3 McCord, 120; Whaley v. Jarrett, 69 Wis. 613; Short v. Devine, 146 Mass. 119; Goddard on Easements, 331; Connery v. Brooke, 73 Pa. 80; Ellis v. Academy of Music, 120 Pa. 608.

PER CURIAM, March 18, 1895:

This case was greatly simplified by what transpired in the court below at the conclusion of the trial. The plaintiff conceded the defendant's right of way over his land, and the defendant conceded in effect that the gate erected by the plaintiff across the right of way for the protection of his fields was not an unreasonable obstruction to, or interference with, the right of passage. This left no question undisposed of except that of the legal right of the owner of the land to protect his fields by such a gate or other structure as should not unreasonably interfere with the use of the way. The easement was only for passage. The land remained the property of the plaintiff and he had a right to use it for any purpose that did not interfere with the easement. To do this it might be necessary under some circumstances to inclose the way with the field over which it passes, and if this is done with a reasonable regard to the convenience of the owner of the easement it affords him no just ground of complaint. The tendency of our legislation is in this direction, and such is also the fair effect of Connery v. Brooke, 73 Pa. 80.

The learned judge reached a correct conclusion and the judgment is affirmed.