## Henry A. F. Kohler, Appellant, *v.* Samuel B. Smith.

*Easements—Obstruction of right of way—Swinging gate.*

Ordinarily the property over which a right of way goes belongs to the owner of the soil who can make any use of it that is consistent with the enjoyment of such right of way by the other party.

In ordinary cases swinging gates and movable bars across roads that are used in the manner in which this one appears to have been used are not obstructions of an unreasonable character.

Argued Nov. 10, 1896. Appeal, No. 38, Nov. T., 1895, by plaintiff, from judgment of C. P. Berks Co., Oct. T., 1895, No. 51, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, ORLADY and SMITH, JJ. Affirmed.

Trespass for obstructing a right of way. Before END-LICH, J.

The facts appear from the charge of the court below, as follows:

"This suit is brought to recover damages for an alleged obstruction of a private right of way over the land of the defendant. That obstruction is said to consist of two items: In the first case, a swinging gate and movable bars placed across the way; and, in the second place, obstructions at the one end of it near the creek by the placing of stones in such a manner as to make it impossible or very inconvenient to drive through the creek into this lane or way.

"Now, as to the matter of the swinging gate and the movable bars, I have this to say to you, and, of course, there can be no question that the jury is bound by the law as given to it by the court. The evidence seems to establish very conclusively, and

I don't understand that it is disputed by the defendant that it is established by the evidence that the plaintiff has a right of way over this one hundred and thirty-two feet of land of the defendant.  The right of way, however, is a right of passage ordinarily, and ordinarily the property over which this right of way goes belongs to the owner of the soil, who can make any use of it that is consistent with the enjoyment of the right of way by the other party.  He has a perfect right to put up swinging gates or movable bars, provided that they are not an unreasonable obstruction to the enjoyment of this party's right of way over his property.  In ordinary cases, swinging gates and movable bars across roads that are used in the manner in which this one appears to have been and to be used are not obstructions of an unreasonable character.  [They are not ordinarily unreasonable interferences with the right of passage, and I say to you, gentlemen, that there is nothing in the evidence of this case which would justify you in finding that in this instance an exception to the rule has been shown, to wit, that the gate or bars in this case are an unreasonable interference.  Therefore, as far as that item of the plaintiff's complaint goes, there can be no recovery on his part.] [1]

That leaves the only question open to you, whether or not there was any obstruction of an improper kind by the placing of stones in the lane near the creek.  Now, on that question, gentlemen, you have heard all the evidence, and you will, of course, remember all the evidence on the subject, and you will decide whether, under that evidence, it has been shown that the defendant has placed stones in such a way and in such quantities in this lane as to create a substantial interference with the plaintiff's right of way over this property.  If he has, then you will ascertain what, in dollars and cents, will compensate him for the inconvenience he has already suffered.

If, however, there is no proof, in your judgment, of the existence of an interference by reason of the placing of stones there, then your verdict will have to be for the defendant.

And now, gentlemen, that is the only question there is in this case that is submitted to you for your detemination, and as I said before, you will consider all the evidence on the subject and return a verdict that will do justice to both parties.

Exception for plaintiff.

Verdict for defendant.   Plaintiff appealed.

*Error assigned* was to a portion of the general charge, reciting same.

*Caleb J. Bieber*, for appellant.—The erection of a swinging gate.was an obstruction of the easement.   The general rule relative to such case in the charge of the court is laid down in the case of Hartman v. Fick, 167 Pa. 18.   See also Connery v. Brooke, 73 Pa. 84; Ellis v. Academy of Music, 120 Pa. 622. In the case of Baker v. Frick, 45 Md. 337, will be found a careful review of all leading authorities bearing upon the right of the obstruction of a way by the erection of a gate.

*Jefferson Snyder*, with him *B. F. Dettra*, for appellee.

OPINION BY BEAVER, J., December 7, 1896:

The plaintiff below, who is the appellant here, claimed by prescription an easement in, being the right of way over, the tenement of the appellee.   It is not claimed that there was any express grant.   The evidence as to the prescriptive right to the easement or right of way is not strong but we do not understand it to have been seriously controverted in the court below.   The plaintiff was, therefore, entitled to the enjoyment of such an easement as had been acquired by him and his predecessors in title by prescription.   There is evidence as to what the character of the right of way was.   There was apparent necessity by the owner of the servient tenement, who was the defendant below, to use bars at the entrance to the so-called lane, through and over which the. plaintiff claimed a right to pass, so as to restrain his cattle whenever necessary, and there is evidence produced both by the plaintiff and the defendant that posts and bars were maintained for that purpose.   Sometimes the bars were kept closed.   At other times they were removed and the way left open, but it cannot be doubted that the defendant and those under whom he claimed used the bars whenever it became necessary for him to do so for his own convenience and protection.   The present defendant erected a swinging gate at the point at which the posts and bars had been previously erected and maintained.   In the trial of the case in the court below,

two obstructions were complained of, the one the swinging gate erected by the defendant and the other the placing of stones at or near the bank of a small stream which was necessary for the plaintiff to cross in reaching his timber land, which was the terminus ad quod of the right of way.

In regard to the gate, the court below charged the jury as follows : " The right of way, however, is a right of passage ordinarily, and ordinarily the property over which this right of way goes belongs to the owner of the soil who can make any use of it that is consistent with the enjoyment of the right of way by the other party.  He has a perfect right to put up swinging gates or movable bars, provided that they are not an unreasonable obstruction to the enjoyment of this party's right of way over his property.  In ordinary cases swinging gates and movable bars across roads that are used in the manner in which this one appears to have been used are not obstructions of an unreasonable character.  They are not ordinarily unreasonable interferences with the right of the passage and I say to you, gentlemen, that there is nothing in the evidence of this case which would justify you in finding that in this instance an exception to the rule has been shown, to wit, that the gates or bars in this case are an unreasonable interference ; therefore, as far as that item of the plaintiff's complaint goes, there can be no recovery on his part."  The appellant assigns this part of the charge of the court as error.

The question as to whether or not the stones placed in the lane near the creek were or were not an obstruction was left to the jury and their verdict was for the defendant.

Mr. Washburn, in his treatise on the American Law of Easements and Servitudes, third edition, 1873, page 264, says: "It seems to be now settled that, if the landowner is not restrained by the terms of the grant of a right of way across his lands for agricultural purposes, he may maintain fences across such way, if provided with suitable bars or gates for the convenience of the owner of the way.  He is not obliged to leave it as an open way nor to provide swinging gates, if a reasonably convenient mode of passage is furnished."  The same principle was practically decided in Pennsylvania in Hartman v. Fick, 167 Pa. 18, in which a reference is made to Connery v. Brooke, 73 Pa. 80.  In the latter case, Mr. Justice WILLIAMS, in delivering

the opinion of the court, says : " But what is meant by the free use of a passageway? Does it necessarily mean that there shall be no gate or bar hung across it; or if there is, that it shall always be kept open? Has not the owner of a passageway its free use, if he hangs a gate across it at its intersection with the street? If I grant the free use and the right and privilege of the hall of my house, with free ingress and egress at all times, must I take off the door leading into it or keep it wide open, in order that the grantee may have the free use of it? Or can he not have its free use, if he can enter it by opening the door whenever he chooses? Without doubt, I cannot unreasonably obstruct his use of it; but, if the door amounts practically to little or no inconvenience, it seems to me that it is not necessarily a wrongful obstruction. . . . A gate may be so placed as to be a practically unreasonable obstruction to the free use of a passageway, and it may be so constructed and placed as not to amount to any practical obstruction to its use. Whether the gate in this case amounted to a wrongful obstruction was, therefore, a question of fact for the jury. If it was not a practical hinderance and, under the circumstances, an unreasonable obstruction to the plaintiff's use of the passageway, then it was not a wrongful or illegal obstruction for which an action will lie." In the case before us there was no evidence that the gate erected by the defendant was a practical hinderance nor that it was, under the circumstances, an unreasonable obstruction to the plaintiff's use of the right of way across the defendant's unenclosed field. There is some evidence on the part of the plaintiff that it was an inconvenience to open the gate, but his explanation shows that it was only the usual and necessary inconvenience which was caused by descending from his wagon, opening the gate, driving through it and closing it again. This we think, under all the authorities, cannot be considered in any sense as an unreasonable obstruction nor a hinderance to the free use of the way by the owner of the easement. The court below was, therefore, correct in that part of the charge to the jury which is complained of and, as this is the only assignment of error, the judgment is affirmed.