## Helwig *v.* Miller, Appellant.

*Easement—Right of way—Swinging gate—Injunction—Equity.*

Where land is subject to the easement of a private right of way in favor of an adjoining owner to enable the latter to reach the public highway, the owner of such land may for the protection of his stock and property erect a proper swinging gate at the point where the right of way opened into the public road, in substitution of a pair of bars which had been at one time used, but had been removed or disappeared; and he may by injunction compel the owner of the easement to properly close the gate after using it.

Argued March 6, 1911. Appeal, No. 16, March T., 1911, by defendant, from decree of C. P. Columbia Co., Dec. T., 1908, No. 1, on bill in equity in case of Dora Helwig and Noah Helwig v. Reuben Miller. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and POR-TER, JJ. Affirmed.

Bill in equity for an injunction. Before EVANS, P. J.

The court below found the facts to be as follows:

1. The plaintiffs and defendant own adjoining farms in this county, the defendant's lying north of the plaintiffs'. That a public road leading from what is known as "The River hill road" to the borough of Catawissa passes through the plaintiffs' farm. That the defendant has a private road, lane or right of way from his house and fields north of the plaintiffs' farm through the same southwardly to the public road leading to Catawissa.

2. That the plaintiffs maintain a gate across the entrance to said private way from the public road so as to prevent their cattle and other animals running at large in their pasture fields from straying upon the public road. That the said gate is constructed so as to open and shut with reasonable convenience and has been kept in reasonably good order and repair by the plaintiffs, and can easily and conveniently be opened by the defendant when he has occasion to pass in and out of said private way.

3. That the gate was erected in the summer of 1908 and is substantially in the same location as that occupied by posts and movable bars which were maintained by the predecessors in title of the plaintiffs' farm for more than thirty years immediately prior to 1895. That during all that time the defendant used his said private right of way subject to the maintenance of the said posts and bars.

4. That the westerly side of said private way northwardly from the public road for some considerable distance is not fenced. The plaintiffs sometimes pasture their cattle in the fields adjacent to said way and if the gate across said way is not closed by the defendant when

he has occasion to use the same the plaintiffs' cattle stray upon the public road.

5. The defendant has refused and neglects to close or shut the said gate when he has occasion to pass through the same, thereby causing continued injury and annoyance to the plaintiffs by throwing their fields open to the public road and allowing their cattle pasturing in the same to escape therefrom. And further, the defendant declared while upon the witness stand that he would not close the gate when passing in and out unless required to do so by the court.

6. The gate in question is an ordinary swinging gate, opening either way, easily operated, causing no inconvenience to the defendant except opening and closing it as he has occasion to pass in and out, and is not an unreasonable obstruction or hindrance to the free use by the defendant of his private right of way over the plaintiffs' land. The gate causes less inconvenience to the defendant than did the posts and movable bars.

The court entered a decree directing the defendant, his agents, servants and employees to close the gate in a proper manner after using it.

*Error assigned* was the decree of the court.

*C. E. Kreisher*, for appellant, cited: Manbeck v. Jones, 190 Pa. 171; Ellis v. Academy of Music, 120 Pa. 608.

*Fred Ikeler*, for appellee.—Hartman v. Fick, 167 Pa. 18; Kohler v. Smith, 3 Pa. Superior Ct. 176.

Opinion by Head, J., July 13, 1911:

The plaintiffs and the defendant are the owners respectively of adjoining tracts of land. The bill avers and the answer admits that the land of the former was subject to the servitude or easement of a private right of way in favor of the latter to enable its owner to reach the public highway. The record discloses no express grant of such

easement from which we could determine its extent or limitations. In the absence of such grant, the character of the use itself acquiesced in by the parties through a long period of years becomes available as evidence of the extent of the grant, actual or presumed, on which the easement rests. The learned court below has found as a fact that for more than thirty years immediately prior to 1895 a pair of bars was maintained across this way at the point where it opened into the public road. During all of that period the right of the defendant or his predecessors to use the way was freely conceded, but was enjoyed and exercised subject to such inconvenience as arose from the duty to open and close the bars when passing to and from the public road. In the year last named these bars were removed or disappeared, and from that time until 1908 the way was entirely open and unobstructed. This period of time, however, was not sufficiently long to create any new easement in favor of the defendant or to enlarge the one theretofore existing.

In 1908 the plaintiffs, for the protection of their stock and property, erected a swinging gate on the same location formerly occupied by the pair of bars referred to. The defendant, contending that the erection of such gate was a legal obstruction to the enjoyment of his easement, refused to close it when passing through and denied any obligation on his part to close it. Plaintiffs then filed this bill and the learned judge below, further finding that the gate in question was "an ordinary swinging gate, opening either way, easily operated, and not an unreasonable obstruction to the free use by the defendant of his private right of way," entered a decree requiring the defendant, his servants, etc., to properly close said gate when using it and restraining the use of the private right of way in any other manner. The defendant appeals.

Under the facts found it is clear that the plaintiffs remained the absolute owners of the soil traversed by the private way. This being so, they could use it as they chose so as not to interfere with the proper and reasonable

use by the defendant of his dominant right. In Hartman v. Fick, 167 Pa. 18, we have a case practically on all fours with the present one. After stating the facts there conceded, which are precisely those here either admitted or found, the Supreme Court went on to say: "This left no question undisposed of except that of the legal right of the owner of the land to protect his fields by such a gate or other structure as should not unreasonably interfere with the use of the way. The easement was only for passage. The land remained the property of the plaintiff and he had a right to use it for any purpose that did not interfere with the easement. To do this it might be necessary under some circumstances to inclose the way with the field over which it passes, and if this is done with a reasonable regard to the convenience of the owner of the easement it affords him no just ground of complaint. The tendency of our legislation is in this direction, and such is also the fair effect of Connery v. Brooke, 73 Pa. 80." In Kohler v. Smith, 3 Pa. Superior Ct. 176, this court followed the doctrine of the cases just cited, and in the opinion by our brother BEAVER adopted the following statement of the principle taken from the treatise of Mr. Washburn on The American Law of Easements, page *195: "It seems to be now settled that, if the landowner is not restrained by the terms of the grant of a right of way across his lands for agricultural purposes, he may maintain fences across such way, if provided with suitable bars or gates for the convenience of the owner of the way."

These authorities seem to us to rule the case before us and relieve us of any necessity to further elaborate the doctrine. The able counsel for the appellant seeks to distinguish them from the case at bar because, as he argues, this was not merely a right of way used by the owner of farm land to enable him to reach a highway, but it was freely used by strangers who had occasion to visit the premises of the appellant for purposes of business or pleasure. But such strangers had no right in themselves to the use of this way. To so argue would be to deny that

which is averred in the bill and admitted in the answer, to wit, that the easement was but for a private right of way. Such persons, therefore, other than the owner of the dominant tenement, who lawfully used it, must have found their right rooted in his as an incident to his necessary and reasonable enjoyment of what belonged to him. Otherwise they would be without right and trespassers.

The decree is affirmed.