# Nickels *v.* Hand in Hand Cornet Band in Manayunk, Appellant (No. 1).

*Easements—Right of way—Alley—Nonuser—Extinguishment.*

1. The right to the use of an alley granted by deed, cannot be lost merely by nonuser. Nothing less than an absolute denial of the right followed by an enjoyment inconsistent with its existence for a period of twenty-one years or more can amount to an extinguishment of it.

2. The construction of a fence pierced by a gate at the entrance to an alley by one of several lot owners all of whom had the joint and common use of the alley, is not such hostile or exclusive possession against the other owners as will invoke the operation of the statute of limitations, where it appears that the other owners had not abandoned their right and could always obtain ingress to and egress from the alley by the gate in the fence. The court will order the removal of the fence, but may so frame its decree as to permit the construction of a gate which will permit the use of the alley by vehicles.

3. Where a grantee of land accepts a deed describing the land, "together with the free use, right, liberty and privilege of a certain ten feet wide alley" along the side of the land, he cannot claim an absolute fee in the bed of the alley as against adjoining owners, because his grantor had adversely and exclusively used the alley for twenty-one years. The deed does not convey any such title to the alley; nor does it convey a sprouting title acquired by the grantor's use for less than twenty-one years, which the grantee may tack to his own subsequent adverse use.

Argued Dec. 14, 1912. Appeal, No. 267, Oct. T., by defendant, from decree of C. P. No. 3, Phila. Co., Dec. T., 1909, No. 1,142, awarding injunction in case of William B. Nickels v. The Hand in Hand Cornet Band in Manayunk, Pennsylvania, and Frank Hund. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Decree modified.

Bill in equity for an injunction to enjoin the obstruction of an alley.

The following plan shows the position of the alley:

146   NICKELS *v.* CORNET BAND, Appellant (NO. 1).

Statement of Facts—Assignment of Error.   [52 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the following decree:

That the defendants, their successors, officers and agents, are enjoined and restrained from erecting or maintaining

any barrier or obstruction whatsoever at any point within the ten feet wide alley, particularly described in the plaintiff's bill of complaint, or at the end thereof where the said alley touches the line of said Cotton street, and further restraining the defendants, their successors, officers and agents, from hindering or interfering with the complainant, his heirs and assigns, in the free and uninterrupted use, right, liberty and privilege of the said alleyway at all times hereafter forever.

*William T. Connor,* with him *John R. K. Scott,* for appellants.—That the right of way over land may be lost by reason of an adverse user of it, open and notorious, for more than twenty-one years—is well settled: Yeakle v. Nace, 2 Whart. (Pa.) 123; Chew v. Morton, 10 Watts, 321; McCoy v. Hance, 28 Pa. 149; Harper v. Greenmount Cemetery Co., 15 W. N. C. 172; Jessop v. Kittaning Boro., 225 Pa. 589.

The words "free use, right and privilege of a passageway," as used in the deeds in the different conveyances in the present case, do not per se mean a way unimpeded by any means whatever: Connery v. Brooke, 73 Pa. 80; Hartman v. Fick, 167 Pa. 18; Kohler v. Smith, 3 .Pa. Superior Ct. 176; Bosch v. Hoffman, 42 Pa. Superior Ct. 313; Helwig v. Miller, 47 Pa. Superior Ct. 171.

*Francis S. Cantrell, Jr.,* with him *George C. Bowker,* for appellees.—An easement acquired by deed cannot be lost by nonuser: Lindeman v. Lindsey, 69 Pa. 93; Jamison v. McCredy, 5 W. & S. 129; Erb v. Brown, 69 Pa. 216; Bombaugh v. Miller, 82 Pa. 203; Nitzell v. Paschall, 3 Rawle, 76; Weaver v. Getz, 16 Pa. Superior Ct. 418; Hughesville Water Co. v. Person, 182 Pa. 450.

The deed from Otto Sherhog to the "Hand in Hand Cornet Band in Manayunk, Pennsylvania," one of the appellants, in 1894 destroyed any rights adverse to the existence of the alley to the full width of ten feet which might have existed at that time: McKee v. Perchment, 69 Pa. 342,

OPINION BY HEAD, J., December 9, 1912:

The common ancestor in title of the parties was the owner of a parcel of land situate on the northwest corner of Main and Cotton streets in the city of Philadelphia. It had a frontage of fifty feet on the former and 117 feet on the latter street. In subdividing it into three lots he gave to the corner one a front of eighteen feet on Main street and a depth of but eighty-six feet on Cotton street. To the remaining lot fronting thirty-two feet on Main street, now the plaintiff's, he gave a depth of ninety-six feet. By an extension of the rear line of the last-named lot eastward to Cotton street, he made a third lot, now the defendant's, fronting twenty-one feet on that street. This left undisposed of a small rectangular piece of ground fronting ten feet on Cotton street and extending westward of that depth along the rear of the corner lot first named and the south side of the defendants' lot a distance of eighteen feet to the east line of the plaintiff's lot.

This small strip was intended as a private alley for the joint and common use of the owners of the three lots. Accordingly, in all of the mesne conveyances carrying the titles of their respective lots to the plaintiff and defendants, there was expressly granted, in each case, with the lot conveyed, the free use, liberty and privilege of the ten feet wide private alley aforesaid. It is important to note that in the conveyance to the defendant Cornet Band, which took title in 1894, its grantor in the following words declared the extent of the right in said private alley which was to pass to the grantee in that deed, to wit: "Together with the free use, right, liberty and privilege of a certain ten feet wide alley extending for the distance of eighteen feet along the southwesterly side of the hereby granted lot southeastwardly into Cotton street, as and for a passageway and water-course at all times hereafter forever."

More than twenty-one years before the filing of this bill, at some time and by some party not disclosed by the evidence, a fence had been constructed across the mouth

of this private alley, which fence contained a gate from two and one-half to three feet wide. It is not contended by the defendant appellant that the record contains any evidence of any intention on the part of the present plaintiff or his predecessors in title to abandon the easement incident to their lot ownership in the private alley aforesaid. It is not denied that they at all times made such use of the alley as they desired, obtaining ingress to and egress from the same by the gate aforesaid. The present plaintiff, desiring to reach the rear of the building on his premises by vehicles that could not pass through the narrow gate mentioned, claimed the right to remove the fence to the end that he could enjoy his easement without let or hindrance. The defendant denied his right to have the alley opened to its full width, contending that his right to the use of the alley was such and such only as could be enjoyed with the fence and gate as they then stood. The plaintiff thereupon filed this bill praying for a decree restraining the defendants from maintaining the said fence or other barrier or obstruction interfering with his free and proper use of the alley. Upon final hearing an injunctive decree was entered and the defendants appeal.

As already stated, there is no claim or evidence that would support a claim that the plaintiff had lost his easement by an abandonment of his right. That right having been expressly granted by deed, it could not be lost merely by nonuser, as all the authorities show. In Lindeman v. Lindsey, 69 Pa. 93, Mr. Justice SHARSWOOD said: "If the instrument contain the grant of an easement or privilege to either party in the land or the water, against such a grant there is no statute of limitation without actual hostile and adverse possession, and certainly no prescription or presumption from mere nonuser. Nothing less than an absolute denial of the right, followed by an enjoyment inconsistent with its existence for a period of twenty-one years or more, can amount to an extinguishment of it." To the same effect are Erb v. Brown, 69 Pa.

216; McKee v. Perchment, 69 Pa. 342, and Weaver v. Getz, 16 Pa. Superior Ct. 418. Even then if the facts disclosed that the plaintiff and his predecessors had not been in the actual use of the easement for a period of more than twenty-one years, such nonuser would not be effective to extinguish the right.

Nor can the defendant with any more success assert the right has been lost by the operation of the statute of limitations. The existence of the fence, pierced by the gate, amounted to no such hostile or exclusive possession against the plaintiff's right as would invoke the operation of the statute. If there could be any doubt as to the soundness of the proposition just stated, that doubt would be removed by the consideration of the following facts: The defendant acquired the title to its lot in 1894, much less than twenty-one years before the filing of the bill. Even if its grantor had acquired a sprouting title to the exclusive use of the alley or any part of it by the erection of the fence, he conveyed no such right to the defendant, and the latter could not therefore tack to its own alleged adverse possession that of its grantor: Shaffer v. Lauria, 50 Pa. Superior Ct. 135. The defendant further confronts an insurmountable obstacle to the successful denial of the right of the plaintiff to the full and unobstructed use of the alleyway in the language we have already quoted from the very conveyance which vests it with the title to the lot it occupies. Whatever may have been the status before that deed was made, it is clear that by its acceptance the defendant assented to the proposition that its own right in that alley was but an easement which it could exercise in common with others, and therefore it would be necessary, to enable it to sustain its contention, to show an extinguishment or abandonment of the right of the plaintiff subsequent to the date of that conveyance. On this proposition the case of McKee v. Perchment, 69 Pa. 342, is controlling. The learned court below was therefore right in entering a decree restraining the defendant from maintaining any substantial barrier

to the free and reasonable enjoyment by the plaintiff of his easement.

But it does not follow that everything in the nature of a barrier dividing the private alley from the public street would amount to a legal obstruction of the right of the plaintiff to reasonably enjoy his easement. Because the alleyway is subject to the free and unobstructed use by the owners or tenants of the three lots, the law does not, under all circumstances, require that it should be absolutely thrown open to be used by everybody and thus probably become a place which could easily be converted into a nuisance to all concerned. If for the protection of their common rights, one or more of the parties should erect across the opening a swinging gate that would permit the free entrance or exit of vehicles and that would be so constructed as to be easily operated, we are not prepared to say that such a gate would be an obstruction to the legal right of any one of the lot owners: Helwig v. Miller, 47 Pa. Superior Ct. 171. The decree entered by the learned court below is so broad that it would prohibit anything of this character. To the extent thus indicated the decree should be modified, and when so modified it is affirmed.