## Ziegler, Appellant, *v.* Hoffman.

*Real estate—Easements—Farms—Rights of way — Erection of movable bars—Equity—Injunction.*

The owner of land, subject to the easement of a right of way, may erect movable bars across the right of way, for the purpose of preventing the straying of his cattle. Such action is not an interference with the easement, and a bill in equity praying for the restraint thereof, will be dismissed.

116    ZIEGLER, Appellant, *v.* HOFFMAN.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

Argued November 14, 1921. Appeal, No. 212, Oct. T., 1921, by plaintiff, from decree of C. P. Lancaster County, sitting in equity, Equity Docket No. 6, page 389, dismissing bill for injunction in the case of Jacob H. Ziegler v. Abraham L. Hoffman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity to restrain the obstruction of a right of way. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Charles E. Workman,* for appellant.

*H. Edgar Sherts,* for appellee.

OPINION BY LINN, J., December 12, 1921:

Appellant filed a bill to restrain appellee from interfering with appellant's use of an easement. He averred that he owned a farm of about 100 acres and that defendant owned the adjoining farm of about 70 acres, bounding his farm on the east, and that there was appurtenant to his farm an easement of way over appellee's farm to reach a public road which was its eastern boundary.

On April 19, 1882, both farms were owned by Cyrus S. Herr. By deed of that date, though not recorded until April 13, 1889, Herr conveyed the 100-acre farm to appellant's predecessor, together with "........the use, privilege and liberty of, and passage in, along, over and through, the lane or road passing over and through the premises of the Cyrus S. Herr, as always had been used by the said Cyrus S. Herr, from the within described

premises, to and from the public road, leading from May-town to Bainbridge, without injury or damage to the said Cyrus S. Herr, for wagon, carriage, cart, vehicles, horses or cattle, as by him or them shall be necessary and convenient. Together with free ingress, egress and re-gress, to and over the same, for the said John Ziegler, [grantee] his heirs and assigns, and his or their ten-ants and under-tenants at all times, and seasons—for-ever."

By deed dated April 2, 1888, and recorded April 3, 1888, Herr conveyed the 70-acre farm to appellee's pred-ecessor, the deed containing the following provision: "Reserving the right and privilege for himself, his ten-ant and workman, and all interested, of way, to pass through the said premises, along lane, and through gates, &c.,—from the Maytown and Bainbridge road, to the farm adjoining on the west and now occupied by Jacob Ziegler, at all times as has been formerly used and established by former owners, and to their heirs and assigns, forever, closing gates &c., and do no damage."

Appellant averred his enjoyment of the right-of-way over the servient tenement for many years "without in-terruption" until "during the summer of......1919" when defendant erected the bars in question; they were removed "during the fall of 1919," but were again erect-ed "about the end of June or the beginning of July, 1920," though later removed. He also averred that de-fendant had informed him he proposed to reconstruct them across the way.

Appellee answered, among other things, that his ten-ant "for the protection of his cattle and to keep them from straying away and over the lands of plaintiff, erected bars on the boundary line between my premises and the premises of the plaintiff by placing a post on the one side of the said right-of-way into which two rails 17 feet in length were placed with the other end of the rails laid on the bank on the other side of the right-of-way; and he, the said tenant, did also lay rails across

the right-of-way, at the other side of the field with the ends of the rails on the bank on either side of the right-of-way for the protection of his stock; but he denies that the said bars interfered in any way with the use of the said right-of-way by the plaintiff or any others having the right to use the same but that said bars were only for the protection of the cattle of the defendant's tenant and did not exceed his rights in so doing."

He also answered: "......it is my intention to erect and construct a permanent swinging gate across the said right-of-way wherever it is necessary to protect my cattle, or those of my tenant, however not in any way to interfere with the rights of the plaintiff over the said right-of-way......"

A replication was filed and the case was tried. Among the findings of fact supported by evidence, were: "the said bars were constructed by erecting a post on one side of the right-of-way into which the ends of two rails were inserted and the other ends of the rails were laid on the bank on the other side of the right-of-way"; and "the said bars did not obstruct the right-of-way but required persons using the same to remove the bars in order to drive over the right-of-way." Among the conclusions of law filed, we approve the following: "The defendant, being the owner of the farm over which the right-of-way passes, can make any use of the right-of-way which is consistent with the enjoyment of the said right-of-way by the plaintiff and in this case had the right to erect swinging gates and movable bars across the said right-of-way which were necessary to keep his cattle in the pasture field and the bars erected in this case did not exceed his rights and were not obstructions of an unreasonable character." The bill was dismissed, and that action is now here for review.

If we apprehend the argument made on his behalf, appellant contends that Herr's conveyance of the 70-acre farm with the reservation of a right-of-way as quoted above, conferred upon appellee's grantor no title to the

land in the way; that the title to that strip remained in
Herr, though subject to the easement appurtenant to the
100-acre farm; we cannot accept that interpretation.
No strip of land was excepted from the conveyance as
was the case in Schmidt v. Lieberum, 54 Pa. Superior
Ct. 500.   Appellee took Herr's title to the whole of the
70-acre farm and is entitled to use it, subject only to the
enjoyment of the easement by parties entitled: Kister v.
Reeser, 98 Pa. 1; Moffitt v. Lytle, 165 Pa. 173, and Hel-
wig v. Miller, 47 Pa. Superior Ct. 171, 174.

The deed for appellant's farm indicates the character
of the enjoyment contemplated; it specifies the right to
pass "without injury or damage to the said Cyrus S.
Herr [then owner of the 70-acre farm] for wagon, car-
riage, cart, vehicles, horses or cattle, as by him or them
[grantees] shall be necessary or convenient." It would
be unreasonable to require the owner of the 70-acre farm
to fence off the way across his farm from east to west,
or in the alternative, take the risk of damage to his prop-
erty by cattle straying either from appellant's farm or
from the public road, or perhaps risk the escape of his
own cattle, when such consequences may easily be pre-
vented by the construction of proper gates at suitable
places.  What is reasonable varies with the circum-
stances; the character of the land, or of the way, or of
the use of the easement may affect the determination of
what is reasonable; but it is a question of fact to be
determined when alleged interference arises: Ellis v.
Academy of Music, 120 Pa. 608, 622; Kohler v. Smith,
3 Pa. Superior Ct. 176, 179; Helwig v. Miller, 47 Pa.
Superior Ct. 171, 175.   While in Helwig v. Miller, supra,
the record discloses no express grant of the easement,
we held: "Under the facts found it is clear that the
plaintiffs remained the absolute owners of the soil tra-
versed by the private way.  This being so, they could use
it as they chose so as not to interfere with the proper and
reasonable use by the defendant of his dominant right.
In Hartman v. Fick, 167 Pa. 18, we have a case practi-

cally on all fours with the present one. After stating the facts there conceded, which are precisely those here either admitted or found, the Supreme Court went on to say: 'This left no question undisposed of except that of the legal right of the owner of the land to protect his fields by such a gate or other structure as should not unreasonably interfere with the use of the way. The easement was only for passage. The land remained the property of the plaintiff and he had a right to use it for any purpose that did not interfere with the easement. To do this it might be necessary under some circumstances to inclose the way with the field over which it passes, and if this is done with a reasonable regard to the convenience of the owner of the easement it affords him no just ground of complaint. The tendency of our legislation is in this direction, and such is also the fair effect of Connery v. Brooke, 73 Pa. 80.' In Kohler v. Smith, 3 Pa. Superior Ct. 176, this court followed the doctrine of the cases just cited, and in the opinion by our Brother BEAVER adopted the following statement of the principle taken from the treatise of Mr. Washburn on The American Law of Easements, page *195: 'It seems to be now settled that, if the landowner is not restrained by the terms of the grant of a right-of-way across his lands for agricultural purposes, he may maintain fences across such way, if provided with suitable bars or gates for the convenience of the owner of the way.' " The rule thus stated by Washburn many years ago, is still effective as appears by the following statement in 9 R. C. L. p. 800, section 56, supported by authorities there cited: "The grant of a way without reservation of the right to maintain gates does not necessarily preclude the owner of the land from doing so, and unless it is expressly stipulated that the way shall be an open one, or it appears from the terms of the grant or the circumstances that such was the intention, the owner of the servient estate may erect gates across the way, if they are constructed so as not unreasonably to interfere with the rights of passage."

The decree is affirmed, the costs of the appeal to be paid by appellant.