## Mulville et ux. *v.* Cooper et ux., Appellants.

*Injunction—Easement—Alley—Obstruction—Finding of Chancellor
—Effect.*

While the owner of the soil over which another has an easement may make such use of the air above or the space below the surface covered by the easement as will not interfere materially with the use of that surface as a passageway, he has no right to diminish the free and full use of the easement.

In a proceeding in equity to compel the removal of an obstruction to an easement, the evidence disclosed that plaintiff and defendant own properties abutting on opposite sides of an alley over which each has a right of way. To the side of defendant's house was attached a rainspout which extended into the alley from 2½ to 4½ inches. No exceptions were taken to the chancellor's finding, in the course of his discussion, that the obstruction produced a substantial narrowing of the right of way. In such case, a decree compelling the removal of the rainspout will be affirmed.

As a general proposition, the comparative injury to the parties in granting or withholding an injunction is not a material consideration in proceedings to compel the removal of obstructions to an easement.

KELLER, J., dissents.

Argued December 14, 1927. Appeal No. 385, October T., 1927, by defendants from decree of C. P., No. 4, Philadelphia County, March T., 1927, No. 10112, in the case of Frank Mulville and Helen P. Mulville v. Samuel Cooper and Elizabeth Cooper. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified and affirmed.

Bill in equity for an injunction to compel the removal of an obstruction to an easement. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

An injunction was granted directing defendants to remove the obstruction. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Samuel J. Gottesfeld,* for appellant.

*William C. Ferguson, Jr.,* and with him *Charles A. Wolfe* and *Roberts & Montgomery,* for appellees.

OPINION BY CUNNINGHAM, J., March 2, 1928:

Defendants appeal from a decree of the court below, sitting in equity, directing them to remove so much of a certain "rain pipe and eaves box and soil pipe or drain, which are attached to the eastern wall of the building upon the defendants' premises described in the bill, as projects more than two and one-half inches from the said wall" into a private alley upon which their property abuts. Counsel for both parties filed formal requests for findings of fact and conclusions of law. The learned chancellor answered these requests and, in accordance with Equity Rule 67, filed an opinion in which he discussed the law and the facts and stated his findings and conclusions in his own language. No exception was taken by defendants to any finding of fact, and the lower court, in banc, filed an opinion in which their exceptions to certain conclusions of law were dismissed and the decree nisi affirmed. This action is assigned for error, and our sole duty is to consider whether the findings support the decree : Atlas Portland Cement Co. v. American Brick and Clay Co. et al., 280 Pa. 449. None of the evidence has been printed and we must therefore assume that there was sufficient competent evidence to sustain the chancellor's findings of fact. From the findings we gather this history of the controversy.

Plaintiffs are the owners of a house and lot on the west side of North 35th Street, between Haverford Avenue and Mt. Vernon Street, in the City of Philadelphia, designated as No. 614 N. 35th Street; their property, conveyed to them in April, 1903, is approximately one hundred and eleven feet north of Haverford Avenue, fronts sixteen feet on 35th Street and ex-

tends westwardly, of even width, sixty-eight feet to "a four feet wide alley" in the rear. Defendants are the owners of an apartment house erected upon a lot located on the west side of this alley and extending from Mt. Vernon Street, on which it fronts approximately twenty-eight feet, southwardly to Haverford Avenue. The north and south alley in question in this case is therefore at the rear of plaintiffs' property and, as we understand the descriptions in the deeds, along at least eighty feet of the eastern side of defendants', and affords access to Mt. Vernon Street. Defendants' property was acquired by them in June, 1925, in two parcels. The respective deeds call for the alley as a boundary in the rear of plaintiffs' lot and along the eastern side of the northern portion of defendants' property, and each deed contains the grant of an easement in the alley in this language: "together with the free and common use, right, liberty and privilege of said four feet wide alley as and for a passage way and water course at all times hereafter forever." Considerable stress is laid by counsel for defendants throughout their argument upon a finding that "the fee to said alley is in defendants to the center thereof," but when this finding is considered in connection with the other findings we do not understand it to be a finding that any part of the alley is included in the descriptions in defendants' deed. On the contrary plaintiffs' property is described as extending from 35th Street "westward sixty-eight feet to a four feet wide alley" and defendants' as beginning "on the south side of Mt. Vernon Street at the distance of seventy-two feet westward from the west side of 35th Street" and bounded on the east by "a four feet wide alley extending southward from Mt. Vernon Street." Neither deed seems to include any part of the alley. When or how this alley was dedicated does not appear from this record but, as both lots abut upon it and each deed calls for it as a boundary, the situa-

tion seems to be that in the event of its reversion each would take title to the center of that portion of the alley upon which their respective properties abut: Carter v. Lebzelter, 45 Pa. Superior Ct. 478, and cases there cited. In the view we take of this case this question is not particularly important as both sides have the same present and prospective rights in the alley. The eastern wall of defendants' building is not built upon the western line of the alley but is three inches from it at the northern end and two at the southern. At a point along this eastern gable wall, where it is two and one-half inches from the western line of the alley, defendants' predecessors in title constructed, some ten years ago, a rain spout running from the roof to an underground drain below the surface of the alley and consisting of three parts: a six-inch soil pipe for a distance of six feet from the ground; above that a four-inch galvanized pipe; and an eaves box at the roof for the collection of the water and its discharge through the pipe into the drain. This four-inch section of pipe having proved inadequate to carry the water, defendants made some alterations on the roof and in January, 1927, took out the four-inch pipe and constructed in lieu thereof a six-inch galvanized pipe. This rain spout, as constructed from the roof to the soil pipe, projects a distance of three and one-half inches across the line and into the alley, and, where the soil pipe and galvanized pipe join, about six feet from the ground, the bell or diameter is seven inches, making the projection into the alley at this point four and one-half inches. On these facts the chancellor and the court in banc held that the construction and maintenance of the pipe diminished the free and full use of the easement to which plaintiffs were entitled under their deed and decreed the removal of so much of the obstruction as projected more than two and one-half inches from the eastern wall of defendants' building.

Defendants' first proposition is that the structure complained against does not materially and unreasonably interfere with plaintiffs' use of the alley and its maintenance should, therefore, not have been enjoined. In support of this proposition a number of cases are cited including Connery v. Brooke, 73 Pa. 80, and our case of Kohler v. Smith, 3 Pa. Superior Ct. 176. "What is reasonable varies with the circumstances; the character of the land, or of the way, or of the use of the easement may affect the determination of what is reasonable; but it is a question of fact to be determined when alleged interference arises": Ziegler v. Hoffman, 78 Pa. Superior Ct. 115, and cases there cited. The difficulty with appellants' proposition is that as this record is brought to us that question is not open. In the record we have these findings of fact to which no exceptions were taken: "The projecting pipes are, however, a real and substantial infringement of plaintiffs' rights ......" (Chancellor's discussion) and "...... the obstruction enjoined does not overhang the alley, but runs to the ground and produces a substantial narrowing of the four-foot right of way to which the plaintiffs are entitled" (Opinion of the court in banc). After reviewing the authorities, the court below said in the course of its opinion: "The pipe enjoined is both substantial and material. It is not suspended in the air or built like a bridge above, leaving the full use of the way unimpaired. It exists constantly where it is built and is not lowered only occasionally, like the fire escapes in the cases cited. It is true that the upper part of it is so high above the surface of the alley that it does not there interfere with the use of the latter. But no point has been made of this by the defendants, no doubt because the pipe is a whole and it would be impossible to reduce the diameter of the lower part without renewing the overflow of water into the plaintiffs' premises, of which he justly complained before the existing pipe was

built.'' The court below having found as a fact that there is a substantial narrowing of the right of way, we must accept this finding as binding upon us: Mercantile Library Co. of Philadelphia v. Fidelity Trust Co., 235 Pa. 5, 15. We are indebted to the learned counsel on both sides for able and elaborate briefs but in the state of this record it would serve no useful purpose to attempt a review of the decided cases. It is well established that the owner of the fee over which another has an easement similar to plaintiffs' may make such use of the air above or of the space below the surface covered by the easement as will not interfere materially with the use of that surface as a passageway, but has no right to diminish the free and full use of the easement. With the exception of the eaves box, to which we shall refer later, we here have an obstruction, a material part of which is upon the surface of the alley. We are not concerned with cases relative to overhead or underground constructions, or gates or movable bars, or temporary obstructions, or slight changes in the contour of the surface, because in such cases the use of the right of way to its full width was not interfered with. Nor is this a case in which one, being the owner and in possession of the fee, has granted to another a right of way over his premises, retaining in himself the ownership of the soil.

A majority of the members of this court are of opinion that the facts of this case bring it within the principles announced in Ellis v. The Academy of Music, 120 Pa. 608; Schmoele v. Betz, 212 Pa. 32; Mershon v. Fidelity Insurance, Trust and Safe Deposit Co., 208 Pa. 292; and Mershon v. Walker, 215 Pa. 41. It is argued in behalf of appellants that ''no such damage was either shown or found'' as would entitle plaintiffs to the decree, but Hacke's Appeal, 101 Pa. 245, seems to indicate that this is not necessary and that as a general proposition the comparative injury

to the parties in granting or withholding an injunction is not a material consideration in cases of this kind. Under appellants' contention we are asked to say that this encroachment should not be restrained because it is so slight. The amount of space they think they should be permitted to occupy permanently, and against the protest of appellees, on and immediately above the surface of the alley is not stated. One of the difficulties with their proposition is that we could not undertake to fix in inches the point at which the encroachment should be restrained and the point at which it should not. We are of opinion, however, that the decree in this case should be modified in so far as it directs the removal of the eaves box. In that portion of the opinion of the lower court, which we have quoted, it is stated that the upper part of the structure complained against is so high above the surface of the alley that it does not interfere with plaintiffs' enjoyment of their easement but that "no point has been made of this by the defendants," etc. In his brief counsel for defendants takes issue with this statement. It is clear under the decision of this court in Carter v. Lebzelter, supra, that the removal of the eaves box should not be specifically directed in the decree. The practicability of complying with the remainder of the decree without reconstructing the eaves box is a matter for appellants. We have not overlooked the argument in behalf of appellants that appellees have been guilty of laches. In the light of the history of this case we see no merit in this contention and, moreover, this question was neither raised nor considered in the court below.

The decree is directed to be modified in accordance with this opinion and, as so modified, is affirmed at the costs of appellants.

Keller, J., dissents.

Note: On May 7, 1928, subsequent to the filing of

this opinion, Equity Rule 67, therein referred to, was amended to provide, inter alia: "The adjudication shall consist of (1) A statement of the pleading, specifically setting forth the issues raised thereby; (2) the findings of fact in paragraphs consecutively numbered; (3) a discussion of the questions of fact and law involved; (4) the conclusions of law in paragraphs consecutively numbered, and (5) such a decree nisi as in the opinion of the chancellor should be entered as the final decree."

DISSENTING OPINION BY KELLER, J.:

It was admitted at the argument that no testimony had been received on the trial as to any actual interference with the plaintiffs' use of the four-foot wide common alley caused by the defendants' rain-spout occupying a space from four to six inches in diameter, adjoining their dwelling. The judge's finding that the spout was "a real and substantial infringement of plaintiffs' rights" was therefore a legal conclusion rather than a finding of fact.

There is no reasonable doubt, under the decisions, that the defendants' title extends to the middle of the alley, subject to the right of passage over the alley by the plaintiffs, the owners and occupiers of the adjoining premises: Oliver v. Ormsby, 224 Pa. 564; Danner v. Elliott, 76 Pa. Superior Ct. 350; Carter v. Lebzelter, 45 Pa. Superior Ct. 478.

I am of opinion that in order to entitle them to an injunction it was incumbent on the plaintiffs to prove that the rain-spout constructed by defendants on their own land, constituted an actual and appreciable interference with the former's right of way or passage over the alley; and in the absence of such proof that the bill should have been dismissed. See Connery v. Brooke, 73 Pa. 80, 83, 84; Hartman v. Fick, 167 Pa. 18; Mercantile Library Co. v. Fidelity Trust Co., 235

Pa. 5; Duross v. Singer, 224 Pa. 573, 574; National Accident & Ins. Co. v. Workmen's Circle, 289 Pa. 164; Chambersburg Woolen Co. v. Hager, 66 Pa. Superior Ct. 63; Kohler v. Smith, 3 Pa. Superior Ct. 176; Ziegler v. Hoffman, 78 Pa. Superior Ct. 115.