## Moscufo et ux. v. Mattiaccio

*Philip Richman*, for complainants.

*Charles H. Dorsett*, for respondent.

CRUMLISH, J., October 29, 1948.—This matter is before us on a bill, responsive answer, and proofs.

*Statement of the pleadings*

In their bill in equity plaintiffs averred, inter alia, that:

1. Plaintiffs are the owners of the lot of ground with building thereon situated 1921 Orthodox Street, Philadelphia.

2. Defendant is the owner of the lot of ground with building thereon situated 1923 Orthodox Street, Philadelphia.

3. About May 1947 defendant erected a cinder block wall approximately 14 feet in length and 11 feet in height, on the rear of his property between the properties of plaintiff and defendant and known as a party wall.

4. The party wall was not properly constructed in accordance with the rules and regulations of the Department of Public Works, Bureau of Engineering, Surveys and Zoning of the City and County of Philadelphia, and at intervals water penetrates through the said party wall into the property of the plaintiffs.

5. By reason of the penetration of the said water, plaintiffs' property has been damaged to the extent of $221. This damage has been caused to plaintiffs' plaster, wall paper, paint, and floor.

6. The present defective condition of the wall endangers the health of their family and interferes with their use, comfort, enjoyment, and occupation of their property.

7. Defendant about May 1947, in violation of the covenant in his deed, did obstruct a certain three feet wide alley at the rear of the two houses by constructing a concrete block 12 inches high above the ground level and placing a gate at the entrance of the alley.

8. Defendant placed the obstructions in the alley despite the objections and protests of plaintiffs.

Plaintiffs, therefore, ask that defendant be required

to repair the defects in the party wall in such manner as to abate any future damage to the property of plaintiffs; that defendant be required to reimburse plaintiffs in the sum of $221 for the damage caused to plaintiffs' property by reason of the water penetrating the wall; that defendant be compelled to remove the gate and the concrete obstruction to the alley.

Defendant admits that plaintiffs are the owners of the premises 1921 Orthodox Street; that he is the owner of the premises 1923 Orthodox Street; that he built the party wall; that he did pour concrete in the alley in order to raise the level of the alley with the street; that he did place a gate at the entrance to the alley which gate does not contain a lock and is open at all times. Defendant denies that the party wall was defectively constructed; that water penetrated the wall on plaintiffs' side and avers, on the contrary, that plaintiffs refused to permit his roofer to complete the tieing-in of the roof of plaintiffs' property with the party wall. Defendant also denies that the gate and the concrete in the alley are in any way an obstruction.

From the admissions in the pleadings, the testimony of the witnesses, and other evidence presented at the hearing, the court makes the following

*Findings of fact*

1. Plaintiffs are the owners of the premises 1921 Orthodox Street, Philadelphia.

2. Defendant is the owner of the premises 1923 Orthodox Street, Philadelphia.

3. Defendant owned his premises "subject to a right of a certain three feet wide alley or passageway along the northeast end of the lot for a watercourse leading through the granted premises to Ditman Street to be let open forever."

4. About May 1947 defendant erected a cinder block wall approximately 14 feet in length and 11 feet in height on the rear of his property between the properties of plaintiffs and defendant and known as a party wall.

5. The said party wall was defectively constructed and water penetrated the wall and damaged plaintiffs' property to the extent of $49.

6. Plaintiffs did not allow defendant to tie in properly plaintiffs' roof to the party wall.

7. Defendant placed a gate, having a small bolt, across the entrance to the alley. This gate is not locked.

8. Defendant placed concrete over the bricks in the alley which raised the surface of the alley sufficiently to make the alley level with Ditman Street.

### Discussion

Plaintiffs' bill of complaint alleged three separate grievances, and they will be considered seriatim.

The first complaint is that defendant has obstructed the easement of plaintiffs by constructing a gate across the entrance to the alley. The owner of the fee of a property which is subject to an easement may erect a gate at the entrance to an alley unless the gate is an unreasonable obstruction of, or a material interference with, the easement: Connery v. Brooke, 73 Pa. 80 (1873); Demuth v. Amweg, 90 Pa. 181 (1879); Hartman v. Fick, 167 Pa. 18 (1895); Kohler v. Smith, 3 Pa. Superior Ct. 176 (1896); Helwig v. Miller, 47 Pa. Superior Ct. 171 (1911); Nickels v. Hand in Hand Cornet Band, 52 Pa. Superior Ct. 145 (1912); Ziegler v. Hoffman, 78 Pa. Superior Ct. 115 (1921); Kimble v. Kelly, 8 Wash. Co. 1 (1927); Diaddorio v. Vogt, 32 Del. Co. 256 (1943).

In all of the cases cited above the conclusion was that the gate was not an unreasonable obstruction or a material interference. In Kohler v. Smith, supra,

the court held that a gate was not an unreasonable obstruction even though it was necessary for the owner of the easement to get down off his wagon to open the gate. In the instant case, defendant constructed a picket gate with a small bolt on it; this bolt could easily be opened and closed. Such action is not an unreasonable obstruction.

The second grievance is that defendant obstructed the easement of plaintiffs by raising the surface of the alley so that it was level with Ditman Street. The easement under consideration is described as follows: "Subject to the right of a certain three feet wide alley or passageway along the northeast end of the above described lot of ground for a water course leading through the hereby granted premises to Ditman Street to be let open forever."

There is no reported case in Pennsylvania where the surface of an easement has been changed by the owner of the fee; that is, none has been called to our attention by counsel, and we have been unable to find any. We must, therefore, be guided by well-established principles of law pertaining to easements. In Ellis v. The Academy of Music, 120 Pa. 608, 623 (1888), it was said: "The right, whether in the fee or only in the way, was common to both parties, so that neither, without the assent of the other, had the right to alter the character of the alley in any particular." In Rielly v. Stephenson, 222 Pa. 252, 256, 257 (1908), it was said: "It is clearly settled, however, first, that he may not obstruct a natural channel for the flow of the water, or a channel that has acquired the character of an easement; . . ." In Sullivan v. Jones & Laughlin Steel Co., 208 Pa. 540, 555 (1904), it was said: "There can be no balancing of conveniences when such balancing involves the preservation of an established right, . . ." In Rielly v. Stephenson, supra, at page 256, it was also said: "The owners of lots in cities

and towns buy and own with the manifest condition that the natural or existing surface is liable to be changed by the progress of municipal development." It is plaintiffs' contention that the resurfacing of the alley way abutting on defendant's property causes an undue accumulation of rain water in the alley way abutting on their property and the adjacent yard and that it seeps into their cellar and causes dampness. Plaintiffs' contention as to the cause of dampness in their cellar did not impress the chancellor because husband-plaintiff's testimony was that the average rain water accumulation was one foot, and their property was removed 20 to 25 feet from the alley way.

The question is not whether defendant had the right to make an improvement in the surface but whether such was an unreasonable interference with plaintiffs' easement. Plaintiffs' and defendant's exhibits clearly indicate that the easement, prior to the improvement made by defendant, was neglected and allowed to deteriorate into an unkempt and neglected foot path. It was topped by a well-worn brick surface, apparently laid in the soil, which seems to have dropped below its original level. On the other hand, the improved surface installed by defendant is flush with the pavement of Ditman Street. In the absence of evidence to the contrary, all this leads the chancellor to the conclusion that defendant's surface is restored to the original surface level of the easement when the brick paving was installed. Applying, therefore, the aforementioned principles to the credible testimony offered and the reasonable inferences drawn therefrom, the chancellor concludes that the raising of the surface of the alley by defendant brought it back to its original level and does not cause an alteration (as in the Ellis case, supra) or create an obstruction or an unreasonable interference with the easement. The words creating the easement do not mean that the material of the

surface of the passageway must forever be the same as when the easement was created. The test is whether or not the new structure is in consistence with plaintiffs' right of passage and drainage. Defendant was within his right in improving that portion of the easement abutting on his property by using a different material in restoring the original surface level thereof.

The third grievance by plaintiffs is that defendant, in rebuilding the party wall, constructed it so defectively that the water ran through it and damaged plaintiffs' property. This contention is proved. This court, however, does not sustain the entire claim of plaintiffs because the damages to the ceiling of both the kitchen and the laundry room are not the consequences of defendant's negligence in constructing the party wall but the result of the failure of plaintiffs to allow defendant's roofer to tie in properly plaintiffs' roof with the new party wall.

### Conclusions of law

1. Plaintiffs have an easement for passage and watercourse over a three feet wide alley in the rear of defendant's property.

2. The erection of a gate with a small bolt on it which can easily be opened or closed is not an unreasonable obstruction or a material interference with plaintiffs' easement.

3. The concreting of a brick alley so that the surface is restored to its original level is not an alteration or an obstruction or an unreasonable interference with plaintiffs' easement.

4. A person who defectively constructs a party wall so that water penetrates into his neighbor's property is liable for damage done by such water.

5. Where a neighbor does not permit the builder of the party wall to tie in properly the neighbor's roof

with the party wall, the builder is not liable for the damages caused by such failure to tie in properly.

### Decree nisi

And now, to wit, October 29, 1948, it is ordered, adjudged, and decreed that:

1. Defendant is to pay the sum of $49 to plaintiffs for damage suffered as a result of water penetrating the defectively constructed party wall.

2. Plaintiffs' bill is in all other respects dismissed.

The prothonotary is directed to enter this decree nisi and to give notice to the parties, or their counsel of record, of the entry of this decree, and, if no exceptions are filed within ten days thereafter, the decree nisi shall be entered as the final decree, by the prothonotary, as of course.