Richard  Moffitt *v.* Samuel  S.  Lytle  and  Charles  Lytle,
Appellants.

[Marked to be reported.]

*Deed—Reservation—Exception—Right of way—Trespass.*

A reservation in a deed is the creation of a right or interest, which had no prior existence as such, in a thing or part of a thing granted. It is distinguished from an exception in that it is of a new right or interest, while an exception is always a part of the thing granted.

A deed contained a reservation in these words: " Said party of the first part reserves the right of road or lane from said Franklin and Mercer road along said west line and McElhinny's east line eighteen feet wide to said party of the first part's fields or orchard." *Held,* that, after the conveyance, the grantee was the owner of the fee of the land embraced within the right of way, and that the grantor was the owner of a right of way over the surface to the extent of a strip eighteen feet wide, but that there was nothing in the reservation to exclude the grantee from also passing over the strip, or from such use of it as did not interfere with the grantor's use of it for his right of way.

In such a case the grantor's right of way over the land gave him no right to build a fence so as to cut off the grantee's access to his barn, and the act of the grantee in tearing down the fence was not a trespass.

The grantee would have a right to plow the land if it did not interfere with the grantor's right of way.

Argued Oct. 3, 1894.  Appeal, No. 155, Oct. T., 1894, by defendants, from judgment of C. P. Venango Co., Nov. T., 1892, No. 1, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.

Trespass for tearing down fence and plowing over plaintiff's right of way.  Before TAYLOR, P. J.

Plaintiff averred in his statement: " That he was the owner of a certain piece of land in French creek township, said county, containing four acres, which by deed dated March 5, 1876, he sold to Joseph Henderson, recorded, etc.

" That among other things said deed recites, to wit: 'Said party of the first part reserves the right of road or lane from said Franklin and Mercer road along said west line and McElhinney's east line, eighteen feet wide, to said party of the first part's fields or orchard.'  That the defendants purchased

said land from the said Henderson, with the said reservation attached. That defendants, on the 20th of June, 1892, entered upon the said reserved ground regardless of the rights of plaintiff in the premises, and plowed up the ground so reserved, and so disturbed, tore it up, and otherwise committed depredations therein, that it was rendered unfit for plaintiff's use as a road, lane, or any other purpose. That plaintiff notified defendants of his right therein, called their attention to the reservation of it, and requested them to desist, and cease trampling upon his rights, and defendants further refused to so repair the said right of way so that plaintiff could use the same. Plaintiff then, to guard and protect his rights therein, under advice, erected a fence along said right of way, for the purpose also of preventing defendants from committing further depredations, but the defendants injured, tore down, and destroyed said fence, and continued to do so, as often as plaintiff erected the same."

Defendants pleaded not guilty.

At the trial the court sustained an objection to the following question asked Charles Lytle: " Q. State whether or not the erection of a fence along the interior line of that right of way would interfere with the use of the barn." Exception. [1]

The court charged in part as follows :

" Under this reservation in the deed the defendant was bound to take notice of it. The deed in which the reservation was contained, was made by Moffitt on the 25th day of March, 1876. It was upon record upon the first day of April, 1876, almost twenty years ago. Being so, the defendant purchased with notice of what was in the deed. He was bound to know if there was a reservation in it, and was bound by that reservation. It seems there has never been any controversy about it till lately. [I will not decide whether this reservation is exclusive or not.] [2] Sometimes there are pretty nice questions raised by reservations and exclusions in deeds, but this is not necessary for the decision of this case.

" If you believe the uncontradicted evidence that this land was interfered with, and plowed up in the way testified to by the plaintiff, and the fence torn down that was built by Mr. Moffitt within the line of this right of way, as he has stated here, it is unnecessary to decide whether that right of way is exclusive in him or not. The defendant had no right to interfere with it.

He had the right to go over it at any and all times, and without any interference upon the part of the defendant. [And if you find that he has plowed it up and left it in the shape that is testified to, or has taken down a fence that had been erected on that right of way, they had no right to do it, and your verdict would be for the plaintiff. The plaintiff don't ask for anything here; it is not an item of dollars and cents. He merely wants a small item of damages.] [3] If you find nothing has been done to interfere with it then you would find a verdict for the defendant."

Plaintiff's points were as follows:

"1. The reservation in the deed gives to the plaintiff the exclusive right to this road or lane and the defendant would have no right to go upon it to plow it up for sowing in buckwheat or any other purpose, and the verdict should be for the plaintiff. *Answer:* Taking out the word exclusive,—with the word exclusive stricken out there, we affirm that point." [4]

"2. If the jury finds that the reservation was for a road or lane, it is a reservation separate and apart from the grant of the balance of the land, and to individuate it from the balance of the land by a fence, and if defendant tore down the fence so erected, he is a trespasser and their verdict must be for the plaintiff." Affirmed. [5]

"3. If the right of way was not exclusive in plaintiff, then the defendants would not be warranted in entering upon the right, and without the consent of plaintiff plow it up, or tear down the fence erected, and their verdict should be for the plaintiff." Affirmed. [6]

Defendants' points were among others as follows:

"2. That if the jury believe that the fence was erected on the land of defendants, or either of them, without their or his consent, or against their or his will, after the plowing complained of by the plaintiff was done, their verdict must be for the defendants as to the trespass alleged by the plaintiff in tearing down said fence. *Answer:* That would be true if there was a shadow of evidence to warrant it. There is no evidence at all that the fence was erected there except upon the right of way." [7]

"3. The plaintiff's right of way in question was not exclusive, and defendant S. S. Lytle, or defendant Charles Lytle,

acting under the direction of the said S. S. Lytle, had a right to enter upon, occupy and use the ground over which said right of way extended, for every purpose not inconsistent with plaintiff's said right of way, and might in doing so lawfully take down and remove said fence." Refused. [8]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) ruling; (2–8) instructions; quoting instructions, but not quoting bill of exceptions.

*W. C. Rheem,* for appellants.—Lytle had a right to travel where he pleased within the lines, and in doing so might remove a fence or any other barrier erected by plaintiff without his consent; and trespass will not lie for removing a gate upon defendant's own land, though the plaintiff has a right of way through : Dietrick v. Berk, 24 Pa. 470 ; Kister v. Reeser, 98 Pa. 1.

Whether the plowing was an injury to the way was a question exclusively for the jury.

*Robert W. Dunn, J. S. Carmichael* with him, for appellee.— Defendants had no right to plow the land. Contracts must be interpreted so as to carry out the intention of the parties : Foster v. Runk, 109 Pa. 291.

As to the fence, plaintiff erected it entirely on the reservation, after defendant had plowed it up, as a notification to them that they could go so far, but no farther. The building and tearing down of the fence was not introduced in the case as a separate ground of recovery, but simply to show it as a continuation of the original act and intent of the defendants to disturb and trespass upon Moffitt's right.

In Dietrich v. Berk, 24 Pa. 470, the owner of the land erected the fence entirely outside of the right of way, and took down the bars. The party owning the right of way erected a gate instead of the bars, and the owner of the land removed the gate.

The court will not reverse the judgment, if plaintiff would be entitled to recover for the entry on the right of way and plowing it up, as it did defendants no harm : Bedell v. Errett, 11 Atl. R. 571 : Diehl v. Lee, 9 Atl. R. 865.

OPINION BY MR. JUSTICE GREEN, Jan. 7, 1895:

That the reservation contained in the deed from Moffitt to Henderson, is not an exception of a part of the land conveyed, but is only a reservation of a right of way over the surface of the land, is so manifest that it is not really denied by the plaintiff. The very point was decided by this court in the case of Kistler v. Reeser, 98 Pa. 1, where the reservation was made in terms almost precisely similar to the reservation in this case. Mr. Justice TRUNKEY, delivering the opinion, said, " where land is granted and the right of way reserved, that right becomes a new thing, derived from the land ; and although before the deed the grantor had the right of way over the land whenever he chose to exercise it, yet when he conveyed the land the reservation was a thing separated from the right of the grantee in the land : State v. Wilson, 42 Me. 9. A reservation is the creation of a right or interest which had no prior existence as such in a thing or part of a thing granted. It is distinguished from an exception in that it is of a new right or interest. An exception is always of part of the thing granted, it is of the whole of the part excepted."

In the present case the whole of the land was conveyed in fee by Moffitt to Henderson and the reservation was in these words : " Said party of the first part reserves the right of road or lane from said Franklin and Mercer road along said west line and McElhinny's east line eighteen feet wide to said party of the first part's fields or orchard." After the conveyance Henderson was the owner of the fee of the whole four acres conveyed including the land embraced within the right of way, and Moffitt was the owner of a right of way over the surface to the extent of a strip eighteen feet wide. There was nothing in the reservation to exclude Henderson from also passing over the strip or from such use of it as did not interfere with Moffitt's use of it for his right of way.

The plaintiff's statement of his cause of action included two distinct acts of trespass, one the plowing and harrowing of the surface, and the other the tearing down of a short piece of fence which was erected by the plaintiff on the reservation but so as to cut off the defendants' access to their barn. The plaintiff's right of way over the land gave him no right to build the fence and the defendants were not guilty of any trespass.

when they tore it down. The first specification of error complains of the rejection of a question to Charles Lytle whether the erection of a fence along the interior line of the right of way would interfere with the use of the barn. This was a proper subject of proof and the question should have been allowed. The first specification is therefore sustained. The second is sustained because the reservation was not exclusive and the court should have so instructed the jury. The third specification is sustained because the charge is manifestly erroneous so far as taking down the fence was concerned, and it would be erroneous as to the plowing if the plowing did not interfere with the plaintiff's right of way. The fourth specification is sustained because the plaintiff's first point asked for a binding instruction to find for the plaintiff and this was affirmed without qualification. The defendant's right to plow the land would depend upon whether the plowing interfered with the plaintiff's right of way. The fifth assignment as to the fence is sustained for the reason already stated. The sixth is sustained because the plaintiff's third point asked for a binding instruction to find for the plaintiff and this was affirmed. Whether the defendants could enter and plow on the right of way would depend upon whether the plowing would interfere with the right of way, and as to tearing down the fence, as we have already said, it was not a trespass. The seventh assignment is sustained because the plaintiff had no right to build the fence even on the right of way so as to shut off access to the defendant's barn. The land on which it was built was the land of one of the defendants, the plaintiff having nothing but a right of way over the surface which did not need a fence in order that the plaintiff might enjoy his right.

The eighth assignment is sustained because the defendants' third point should have been affirmed just as it stood.

Judgment reversed and new venire awarded.