# JUNE TERM, 1914.*

WARDEN *v.* LINEBARGER.

EASEMENTS—DEEDS—EQUITY—INJUNCTION.
Under a warranty deed conveying to the complainant a parcel of land and "a right of way one rod wide commencing," etc., describing the way and providing that complainant and defendant should · have joint rights in the use thereof, complainant did not acquire a title in fee simple, but an easement in the way, and the court properly refused a decree restraining defendant from tearing down a fence which complainant had erected along the parcel granted to him for easement purposes.

Appeal from Leelanau; Mayne, J. Submitted June 16, 1914. (Docket No. 73.) Decided July 24, 1914.

Bill by Theodore G. Warden against Charles E. Linebarger for an injunction. From a decree for defendant, complainant appeals. Affirmed.

*Underwood & Umlor,* for complainant.

*C. L. Dayton,* for defendant.

MOORE, J. The attached plat will aid in understanding the case.

Mr. Linebarger bought his 2½ acres with a right of way of Philip Drow and wife, in August, 1901, and put a hotel on the land. The complainant was given by Mr. Drow and wife a warranty deed to his 7½ acres in August, 1907, and in the same deed is the following language:

"Also a right of way one rod wide commencing at the northeast corner of the land above conveyed and running thence in a northeasterly direction along the south side of lands heretofore conveyed to C. E. Linebarger to the northeast corner of said Linebarger

land; thence N. 73½ degrees E. to the township highway, 412.5 feet more or less; the line above given being the northerly line of said one rod in width, and it is hereby understood that the right of way running northeasterly from Linebarger land to township highway is to be used jointly by the said Theodore G. Warden, C. E. Linebarger and Walter T. Best, their heirs and assigns."

After obtaining his deed complainant put up a fine house upon the land, and now claims the right to

fence in the one-rod strip. This claim is denied by
defendant, who has torn down some of the fences, and
insists upon the right to tear them down. Out of
this dispute grew the filing of this bill of complaint
asking for an injunction, and that the rights of the
parties be defined, on July 3, 1911. From a decree
dismissing the bill of complaint the case is brought
here by appeal.

There are certain additional facts to those already
stated that appear so clearly in the decree, that we
quote from it as follows:

"And it further appearing to the court that the com-
plainant contends that through said deed he acquired
a title in fee simple to a part of said right of way,
and it further appearing to the court that the said
deed should not be so construed, but that it conveyed
an easement of right of way;

"And it further appearing that fences are not
needed by the said complainant along the said right
of way in order to fully enjoy its use;

"And it further appearing to the court that the said
Philip Drow and wife undertook to convey the lands
over which said right of way runs to said complainant
by quitclaim deed, dated August 11, 1911, and re-
corded in the office of register of deeds of Leelanau
county, Mich., on August 12, 1911, in Liber 37 of
Deeds on page 350;

"And it further appearing to the court that the said
deed was given and delivered after the commencement
of this cause, and is not mentioned in any of the plead-
ings therein, and that prior to the giving and delivery
of this last-mentioned deed the said Philip Drow and
wife had executed to one Harry P. Harrison a war-
ranty deed of certain lands, including the lands over
which said right of way runs, and that said deed had
been deposited in escrow at the time said quitclaim
deed of August 11, 1911, was given and delivered, and
that about the time said deed was deposited in escrow
said Harry P. Harrison took possession of the lands
conveyed by said warranty deed with the consent of
said Philip Drow and wife, and that the said Harry
P. Harrison, prior to the commencement of this ac-

tion, had entered into a contract to convey part of said lands, including the lands over which the said right of way runs, to said defendant, and that prior to the commencement of this suit the said defendant had taken possession of said last-mentioned lands, and was in actual and lawful possession of the same at the time this suit was commenced, and that at the time the said quitclaim deed, dated August 11, 1911, was given by Philip Drow and wife to Theodore G. Warden the said complainant had full knowledge of the terms of the said warranty deed given by said Philip Drow and wife to Harry P. Harrison, and at that time deposited in escrow;

"And it further appearing that since that time the said warranty deed deposited in escrow has been delivered to the said Harry P. Harrison and been recorded in the office of the register of deeds, and the said Harry P. Harrison has executed and delivered to the defendant a warranty deed of the lands that said Harry P. Harrison had contracted to convey to the defendant, including the lands over which said right of way runs;

"And it further appearing to the court that the said deed of August 11, 1911, is of no force as against said defendant as far as this cause is concerned, for the reason that it was given after this cause was commenced, and is not mentioned in any of the pleadings; and it further appearing that said quitclaim deed of August 11, 1911, is of no force or effect as against the said defendant, for the reason that the defendant was in actual and lawful possession of the lands said Harry P. Harrison contracted to sell and convey said defendant prior to the giving of said quitclaim deed and prior to the commencement of this suit, and for the reason that said complainant was fully advised of the terms of said warranty deed given by said Philip Drow and wife to said Harry P. Harrison, prior to and at the time the said quitclaim deed of August 11, 1911, was executed and delivered."

The complainant contends here, as he did in the court below, that he has such a title to the one rod wide right of way that he has the right to fence it in. The language of his conveyance is not ambiguous. We

think it gives him but an easement over well-defined grounds. See 39 Cyc. p. 1767; *Moffitt* v. *Lytle*, 165 Pa. 173 (30 Atl. 922) ; *Sizer* v. *Quinlan*, 82 Wis. 390 (52 N. W. 590, 16 L. R. A. 512, 33 Am. St. Rep. 55). The case does not call for an extended discussion. The decree is affirmed, with costs.

McALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, BIRD, and STEERE, JJ., concurred.