Dyba et ux. *v.* Borowitz, Appellant.

Argued April 19, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Joseph S. D. Christof,* with him *Blair F. Gunther,* for appellant.

*John J. Laffey,* of *Laffey & Laffey,* for appellees.

OPINION BY BALDRIGE, J., July 13, 1939.

This appeal is from the decree of the court below dismissing defendant's exceptions to a bill in equity and ordering the defendant to remove a fence erected by him on the dividing line between the properties of the parties to the suit.

Plaintiffs and defendant own adjoining lots in the city of Pittsburgh. Each abuts 20 feet on the westerly side of Eighteenth Street and extends back therefrom 105 feet. On the front of each lot is erected a brick dwelling, numbered respectively 52 and 50 South Eighteenth Street. On October 26, 1918, the common owner conveyed premises No. 52 South Eighteenth Street to the plaintiffs' predecessor by deed granting a right of way over the south portion of premises No. 50, in the following language, to wit: "Together with the right of ingress, egress and regress to the said party of the second part, his heirs or assigns through and over an alley two and ninety-six one-hundredths (2.96/100) feet wide extending back in the westerly direction to the rear of the building erected upon the adjoining property on the North along the line of this property." On the same day, the common owner conveyed premises No. 50 South Eighteenth Street to defendant's predecessor in title, subject to the above right to the use of the alley.

The first 32 feet of this alley, beginning at the street, is bounded on the south by a 9-inch party wall and on

the north by the first floor wall of defendant's house, the second floor of which projects over into the party wall and forms a covering for the alley. Beyond the covered portion is an open areaway, bounded on the north by the south wall of defendant's brick dwelling, which extends back therefrom approximately 18 feet. On the other side, at the end of the 9-inch party wall, the plaintiffs' house wall cuts to the south at a right angle to the party wall a distance of about 6 feet, then extends back 20 feet. This offset gives an open areaway in the rear of plaintiffs' house in addition to the width of the alley·

Plaintiffs and defendant acquired title to their respective lots in 1919. From that time until June 26, 1936, there was no division fence beyond the party wall, so that the plaintiffs, in using the alley, could enter upon or leave the uncovered portion of the alley over defendant's land at any point they wished. On that date, defendant erected a board fence 4-1/2 feet high, extending from the party wall toward the rear of the lots a distance of 15 feet. Originally, the defendant left an opening approximately 3 feet wide at the middle of the fence, but later this was closed, and at present there is an opening between these lots about opposite the defendant's rear wall, making it necessary for plaintiffs in entering or leaving the rear of their dwelling to walk the length of the alley.

Plaintiffs allege that their rights to the alley have been infringed upon by the erection of this fence, which creates a nuisance. The chancellor, after hearing, filed an adjudication wherein he determined that plaintiffs were entitled to an injunction ordering the removal of the fence, and entered a decree accordingly. This was affirmed by the court in banc, and thereupon defendant appealed.

There is no substantial dispute as to the basic facts, nor is there any just complaint that the chancellor did not specifically answer all the defendant's requests for

findings of fact; that was not necessary; Equity Rule No. 67 does not so require: *Beistel et al. v. Westmoreland Motor Co.*, 91 Pa. Superior Ct. 343, 348.

The problem before us requires a consideration of the nature and extent of this easement. Does it grant to the plaintiffs the right of longitudinal access to the alley at any point beyond the party wall, as well as ingress and egress at each end?

The oft repeated rule is that the words in a grant are to be construed in their ordinary and natural sense, and that they are to be given a reasonable construction in accord with the intention of the parties. To ascertain the intention we must look to the circumstances attending the grant: *Connery v. Brooke*, 73 Pa. 80, 83; *Library Co. v. Fidelity Trust Co.*, 235 Pa. 5, 11, 83 A. 592. We find no words in this grant that expressly or impliedly forbid the erection of a boundary fence, nor does the proof establish any circumstances or conduct that deprives the defendant of that right. The language used cannot reasonably be construed as restricting the defendant from building on his premises beyond the area of the alley if he wished. That certainly was never contemplated by the parties, and it would seem to follow that if he could use all his lot outside of the alley for a building, he, likewise, could erect a division fence on his own land unencumbered by a right of way. A landowner has the inherent right to erect a boundary fence along the division line of his property, and, as owner of a fee of a servient tenement over which a right of way has been granted, he, unless he expressly agrees to the contrary, may make any use of his land which does not interfere substantially with the easement. Mr. Justice ELKIN, in *Library Co. v. Fidelity Trust Co.*, supra (p. 15), said: "In this commonwealth the rule always has been that the owner of land who grants a right of way over it conveys nothing but the right of passage and reserves all incidents of ownership not granted." See, also, *Graham et ux. v. Water Power Corp.*, 315 Pa. 572, 574, 173 A. 311.

There was no proof or finding of fact by the chancellor of any interference of the right of ingress, egress and regress "through and over" the alley. Concededly, no gates, barrier, or obstruction of any kind was erected thereon that would deprive plaintiffs of the use of it. They have access to either terminus as they did prior to the erection of the fence. We think the language of the grant does not justify the conclusion that the plaintiffs have the privilege to enter or cross the alley at any point.

In *Library Co. v. Fidelity Trust Co.,* supra (p. 15), the court said: "The owner of the servient soil has the right to make use of his property as he chooses, if by so doing, he does not substantially interfere with the easement." Other cases sustaining this principle are *Connery v. Brooke,* supra; *Hartman v. Fick,* 167 Pa. 18, 31 A. 342; *Graham v. Water Power Corp.,* supra; *Kohler v. Smith,* 3 Pa. Superior Ct. 176; *Helwig v. Miller,* 47 Pa. Superior Ct. 171; *Ziegler v. Hoffman,* 78 Pa. Superior Ct. 115.

While we have found no case, and none has been cited expressly deciding the question before us, the right to build a fence along a right of way is generally recognized in other jurisdictions. See *Guse v. Flohr et al.* (Wis.), 217 N. W. 730; *Good v. Petticrew et al.* (Va.), 183 S. E. 217; *Willing v. Booker* (Va.), 168 S. E. 417. "Unquestionably, the owner of a servient tenement may fence along the way or not, as his convenience may dictate": 9 R. C. L. p. 801, §56. "The owner of a servient estate may erect fences along the sides of a way, but not across the way so as to obstruct it entirely": 19 C. J. p. 986, §240.

It is true there was no fence when this easement was created and none was erected for a period of almost eighteen years thereafter, and those facts are worthy of consideration. But they are not sufficient to deprive the servient owner of his inherent right to use his property as he sees fit, including the erection of a divi-

sion fence with suitable access to the easement. It must be borne in mind that all that was granted was a right of way "through and over two and ninety-six one-hundredths (2 96/100) feet wide." The fundamental right to erect a fence upon the boundary line cannot be taken away from the owner of the fee without a more definite expression of such an intention.

We have examined the cases cited by the chancellor but think they do not control this case.

As the evidence failed to show any infringement upon the right granted to the plaintiffs, they are not entitled to relief.

The decree of the learned court below is reversed, at appellees' costs.

PARKER and RHODES JJ., dissent.