Kloock et al. *v.* Rusnack et ux., Appellants.

Argued April 20, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Regis F. Mahady,* of *Mahady & Mahady,* for appellants.

*Harry E. Cope,* for appellees.

OPINION BY KENWORTHEY, J., July 23, 1942:

The court below filed a decree which, in effect, gave plaintiffs the exclusive right to the use of water from a spring located on the land of defendants. Defendants appealed.

The problem is not so much with the law as with the parties, who, on both sides, but particularly appellants, are insisting upon more than their legal rights. Our principal function, therefore, is not to decide the issues of law, but to indicate a form of decree which will compel the parties to observe it.

Prior to 1904, Caroline Johnston owned a farm in Unity Township, Westmoreland County, containing about eighty acres. A public road divided it into two parts. On the part now owned by appellees, hereinafter called "the church," she erected a house and piped water to it from a spring located across the road and on the part now owned by the Rusnacks. In 1904, she conveyed the part on which the house was located, to the church, including "the right-of-way to the use of the water in the spring on her farm situated about eleven hundred feet, more or less, from the parsonage, also the right to go on said farm to repair water lines or to put down new pipe at any time." The portion of the farm on which the spring was located, was conveyed to the Rusnacks in 1913,

"subject to the water rights of the trustees of St. James Evangelical Lutheran Church of Youngstown."

Although they may have used some of the overflow, the Rusnacks took practically no water directly from the spring until 1931,[1] when they constructed a pipe line from it to their house. They gradually increased their consumption of water from the spring until they materially interfered with the requirements of the church. It was claimed that they plugged up the pipe leading to the church property, that they put their pipe below that of the church, thus giving them prior flow, and that they interfered with the representatives of the church when they attempted to go on the land to inspect their pipe line and the spring.

There can be little doubt that the rights of the Rusnacks are subordinate to the rights of the church. The latter is first entitled to the water for the reasonable needs of the church and parsonage. But we think the lower court went too far when it excluded the Rusnacks from all use of the water. They should be entitled to have what is not needed by the church. What the church has is an easement, not a fee. The decree should be modified so as to permit them either to draw water from the spring from a pipe placed above that of the church or to permit them to construct and maintain a suitable device for collecting and using the overflow.

There is no merit in the contention the church sued in the wrong name. The error, if it be error, is subject to correction by amendment at any time. *Hotel Redington v. Guffey,* 148 Pa. Superior Ct. 502, 25 A. (2d) 773. And there is no evidence the church was guilty of laches. Although the Rusnacks put the pipe in the

---

[1] Andy Rusnack, a son of defendants, testified on cross-examination: "Q. From 1913 to 1931 you used the water exclusively from the well?. A. No, sir; I carried water from that spring when I was eight years old."

spring in 1931, there was evidence the church had no knowledge of it until the use of the water had increased to such a point that it was noticeable. See *Fidelity-Philadelphia Trust Co. et al. v. Simpson,* 293 Pa. 577, 585, 143 A. 202; *Hansell v. Downing,* 17 Pa. Superior Ct. 235, 239.

The decree is vacated and the record remitted to the court below with the direction that it enter a decree not inconsistent with this opinion, costs to be paid by appellants.