Davis et ux. *v.* Winsor, Appellant.

Argued March 24, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Arthur W. Bean,* with him *Smillie, Bean & Scirica,* for appellant.

*Joseph C. Henry,* with him *Paxson, Kalish, Dilworth & Green,* for appellees.

OPINION BY ARNOLD, J., July 15, 1949:

Plaintiffs filed a bill in equity and thereunder obtained an injunction restraining the defendant from removing an iron fence, and shrubs or hedges, on the line

of a right of way on the plaintiffs' property. The defendant appealed from the final decree.

The right of way was for the use only of persons acquiring properties from the Cheswold Corporation which had developed the tract. It led from Cheswold Lane to a tract of 1.714 acres purchased by the defendant from the Cheswold Corporation. This right of way had within its limits a paved cartway at least thirteen feet wide.[1] The plaintiffs own the land to the southern line of the right of way, of course burdened with that easement. Along this southern line of the plaintiffs' property, which is also the southern line of the right of way, there was an iron fence and an osage orange hedge, the latter extending into the right of way some 3½ feet. These had existed long before defendant's purchase of his acreage.

Since the plaintiffs owned the land to the southern line of the right of way, even though the same was burdened with the easement they had a right to erect and maintain a fence at their property line which was the southern line of the right of way, and this so long as it did not substantially interfere with the use of the right of way or easement. In *Dyba et ux. v. Borowitz,* 136 Pa. Superior Ct. 532, 7 A. 2d 500, we held: "A landowner has the inherent right to erect a boundary fence along the division line of his property, and, as owner of a fee of a servient tenement over which a right of way has been granted, he, unless he expressly agrees to the contrary, may make any use of his land which does not interfere substantially with the easement." To the same effect are *Stotzenberger v. Perkins* (Mo.) 58 S. W. 2d 983; *Willing v. Booker* (Va.) 168 S. E. 417; *Keagle et al. v. Smith et al.,* 52 Dauphin County 134. See 28 C. J. S., Easements, §98.

---

[1] Chancellor's 9th finding of fact.

As to the shrubbery or hedge along this same southern line of the right of way, the court's 22nd finding of fact (not assigned as error) reads: "The existence of said trees, hedge, shrubs and fence within the plaintiffs' property line along the border of the twenty feet wide right-of-way does not interfere with the defendant's proper use of the right-of-way as a means of ingress, egress and regress from his 1.714 acre tract." The court's 10th conclusion of law (not assigned as error) reads: "The defendant has not shown that any of the trees or shrubbery or the Osage Orange Hedge or the iron English hurdle fence now located within the boundaries of the twenty feet wide right-of-way interfere unreasonably with his lawful right of ingress, egress and regress to and from his 1.714 acre tract to which his right is limited as aforesaid."

Since the plaintiffs have a legal right to maintain a fence on the southern line of their property, which is the southern line of the right of way, and since the defendant has no right to destroy or remove the same, this appeal might well fall, leaving out any question of the shrubbery, hedge or other matters. The court below safeguarded the rights of the defendant by retaining the bill so that any future material interference with the use of the right of way might be dealt with.

But under the defense presented it is even more apparent that the disposition of the court below was correct.

In addition to the 1.714 acre tract of the defendant, the owners and occupiers of which are entitled to use this right of way, the defendant acquired about 9 acres south of the right of way. This was not acquired from or under the Cheswold Corporation, and users and occupiers thereof were not entitled to travel on the twenty foot right of way, and the plaintiffs could not be required to submit to such additional use. The defendant

set up in answer and gave testimony that he desired to develop his 9 acre tract as a residential subdivision; and the ordinances of Lower Merion Township provide that a street must be at least 50 feet wide. The defendant's problem was to obtain a 50 foot wide street from his 9 acre tract northerly to Cheswold Lane. He acquired with his 9 acres a 36 foot driveway which was contiguous to and parallel with the 20 foot right of way with which we are dealing, which led to Cheswold Lane, and if extended would be a continuance of Elbow Lane north of Cheswold Lane. This was not derived from Cheswold Corporation. The defendant's avowed purpose was to join his 36 foot driveway with the 20 foot driveway, thus making a 50 foot road. His purpose in attempting to remove the iron fence, the hedges and shrubs on the 20 foot right of way, was to make the merger.

Nowhere does the defendant complain that his use (in connection with his 1.714 tract) is interfered with (except as to a tree, the removal of which the court below refused to restrain). The defendant's testimony is only to the effect that the hedge, and indeed the fence, *might,* under some imaginary circumstances, "obstruct my personal road," and he contends that as a matter of right he may remove everything on this way, including the fence and hedge. This he obviously has no right to do. He has a right to remove anything which substantially or materially interferes with his use of the right of way when travelling to and from the 1.714 acre tract and Cheswold Lane. He would have no right to remove anything so that people occupying his 9 acre tract could use the 20 foot right of way, because that right of way is expressly limited to the use of those occupying under the Cheswold Corporation: *Percy A. Brown & Co. v. Raub et al.,* 357 Pa. 271, 54 A. 2d 35; *Walker et ux. v. Walker* 153 Pa. Superior Ct. 20, 27, 33 A. 2d 455, and cases therein cited. Nowhere in the testimony is there

any showing that the use of this 20 foot right of way was interfered with by anything which the court below restrained the defendant from removing. The defendant is attempting to impose burdens on the plaintiffs' property which are in excess of and in addition to the easement of the 20 foot right of way.

The decree is affirmed at the cost of the appellant.