Edwards et ux., Appellants, *v.* Julian.

Argued March 7, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Leigh B. Maxwell,* for appellants.

*Lester R. Male,* for appellee.

OPINION BY RHODES, P. J., April 13, 1960:

This is an appeal from the decree of the Court of Common Pleas of Wayne County dismissing appellants' bill in equity. Appellants, who have an easement in a driveway across appellee's land, sought to enjoin appellee from using the driveway and from using lands adjacent thereto for a parking lot for guests of appellee's hotel located on the east side of route 90 in Dreher Township. The private driveway extends westerly from route 90 over the two lots now owned by appellee to lands of appellants.

The question presented here is the right of appellee to use the driveway for access to the parking lots.

After a hearing the court below filed an adjudication in which it concluded that appellee's use of the

lots for parking was neither a nuisance nor an interference with the right of way reserved to appellants' predecessor in title. Accordingly, the court below refused an injunction and dismissed the bill. Appellants' exceptions were dismissed and the decree nisi was made final. This appeal followed.

Since appellants did not dispute the facts as found by the court below, appellants' argument is based upon alleged error in the court's conclusions of law. Appellants' contention is that the right of way created across appellee's two lots and in favor of appellants was, in legal effect, an easement or right of way appurtenant to three dominant estates, consisting of appellants' land and appellee's two lots, and that appellee has no right in law to impose additional burdens on the easement or right of way by using it for parking as to other lands of appellee to which the right of way is not appurtenant.

Appellants purchased lands in Dreher Township, Wayne County, which were not situated along a public highway. The deeds contained no provision for right of way. On April 14, 1944, Charles Edwards and wife conveyed two parcels of land to Henry Arneberg and wife, which lands were adjacent to the eastern boundary of appellants' land. These two parcels were bounded on the east by route 90 and on the west by appellants' lands. This deed contained descriptions of the two parcels both bounded by the center of the driveway in question and further provided: "Excepting and reserving from the two within parcels a driveway which runs between the said two parcels; said driveway being 12 feet in width and shall be kept open as a private driveway for the use and benefit of the said two parcels [and] for the use and benefit of the lands to the rear of, or to the west of the said two parcels now owned by Fred Edwards."

On April 23, 1946, Henry Arneberg and wife conveyed part of the first parcel and all of the second parcel to Hans Arneberg and wife, together with the aforesaid right of way with the following provision: "Excepting and reserving a twelve foot wide driveway across the above described premises as now located and leading from the public road to the lands of Fred Edwards and shall be kept open as a private driveway for the use and benefit of the lands to the rear of, or to the west of, the above described premises now owned by Fred Edwards."

This reservation omits the words "for the use and benefit of the said two parcels" which were recited in the reservation in the deed of April 14, 1944, to Henry Arneberg and wife. In 1956, appellee rented a portion of the second parcel from Hans Arneberg and wife, and used said parcel as a parking lot. She was also granted the use of the driveway to enable her to enjoy the rented property. Subsequently, in 1958, appellee purchased all the lands which Hans Arneberg and wife had purchased from Henry Arneberg by deed in 1946. The 1958 deed described the two parcels as being bounded by the center of said driveway, and further recited: "Excepting and reserving from the two within parcels a driveway which runs between the said two parcels; said driveway being 12 feet in width and shall be kept open as a private driveway for the use and benefit of the said two parcels and for the use and benefit of the lands to the rear of, or to the west of, the said two parcels now owned by Fred Edwards." Appellee, as the owner of the property located on the east side of route 90 and known as the Sterling Hotel, used the westerly portion of the two parcels for parking purposes in connection with the operation of the hotel on the opposite side of the road.

It is argued on behalf of appellants that, since the deed from Henry Arneberg and wife to Hans Arneberg

and wife omitted the words "for the use and benefit of the said two parcels," they abandoned any right they had to use the driveway, and that therefore the appellants have the exclusive right to its use. It is further argued by appellants that appellee as dominant tenant cannot use the right of way for other lands owned by her to which the right of way is not appurtenant.

In our opinion the conclusion reached by the court below was entirely correct. Appellants' easement or right of way was created by grant of appellee's predecessor over the two lots now owned by appellee in fee subject to the easement. See *Moffitt v. Lytle,* 165 Pa. 173, 177, 30 A. 922. An owner of land who grants a right of way over it conveys nothing but the right of passage and reserves all incidents of ownership not granted; he may make any use of his land that does not interfere substantially with the created easement. *Mercantile Library Company of Philadelphia v. Fidelity Trust Company,* 235 Pa. 5, 15, 83 A. 592; *Dyba v. Borowitz,* 136 Pa. Superior Ct. 532, 535, 7 A. 2d 500. See, also, *Kister v. Reeser,* 98 Pa. 1.

Consequently, a reservation in the deed concerning the use of the driveway in connection with the two parcels of land subject to the easement was unnecessary. *Clements v. Sannuti,* 356 Pa. 63, 65, 66, 51 A. 2d 697. The right to use the easement is implicitly reserved to the owner of the fee of the servient tenement. The right still existed so long as it was exercised reasonably and did not substantially interfere with the easement. *Dyba v. Borowitz,* supra, 136 Pa. Superior Ct. 532, 535, 7 A. 2d 500.

It is true that the owner of the dominant tenement may not use the easement for lands which are not appurtenant to the right of way. *Kanefsky v. Dratch Construction Company,* 376 Pa. 188, 195, 101 A. 2d 923. Here the appellee is the owner of the fee of the servient tenement, and she may use the land upon

which the easement is located for any purpose so long as the use is reasonable and does not substantially interfere with the easement, there being no agreement to the contrary. The easement was only for passage and the land remained the property of appellee with the right to use it subject only to noninterference with the use of the easement by appellants. *Taylor v. Heffner,* 359 Pa. 157, 164, 58 A. 2d 450; *Ziegler v. Hoffman,* 78 Pa. Superior Ct. 115, 119.

The decree is affirmed at the cost of appellants.