## Wagner v. Woolverton

*Charles J. Weyandt*, of *Dunaway, Weyandt & Mc-Cormick*, for plaintiffs.

*Charles A. Schneider*, of *McQuaide, Blasko, Brown & Geiser*, for defendants.

CAMPBELL, P. J., March 23, 1972.—

### I. STATEMENT OF THE ISSUE

A combined personality clash and neighborhood disagreement culminated in the construction of two "speed bumps" by defendants to control vehicle speed in front of their property. Plaintiffs have instituted this equity action to force their removal. The issue is whether defendants may be compelled to remove the speed bumps as unreasonable obstructions to plaintiffs' easement of way.

## II. STATEMENT OF FACTS

A private lane or easement leads in a southerly direction from Township Road 355 in Ferguson Township. It is a narrow cartway and the actual origin is unknown. Generally, the deeds of the property owners abutting on both the east and west side make no mention of the roadway and, on the contrary, call for each other's property as a boundary. Defendants' property abuts the lane on the west side for approximately 200 feet. Plaintiffs' properties all lie to the south of defendants' property and also abut the lane, one on the west and two on the east side. At their own expense, defendants paved the passageway in front of their property with a bituminous surface. The remainder of the lane between defendants' property and the township road on the north and adjacent to plaintiffs' properties to the south is unpaved, full of deep pot holes, ruts, and is in a generally deplorable condition. The undisputed testimony indicates that a safe speed thereon would not be in excess of 15 miles per hour. To prevent speeding on the paved portion, defendants constructed at both ends of the macadam speed bumps four inches in height running across the road at an angle. The owner of the land directly opposite defendants' property, who is not a party to this action, was consulted and he neither approved nor disapproved of the construction of the bumps. The three plaintiffs must cross both speed bumps to exit from their premises. Defendants, themselves, must traverse one speed bump to gain access to the township road. Plaintiffs contend that on several occasions cars have scraped bottom on the speed bumps, that the bumps are a hazard, that they obstruct snow removal, are dangerous and objectionable. Defendants contend that the speed bumps serve a useful purpose and they are not an unreasonable interference with plaintiffs'

rights. It is agreed that all plaintiffs have an easement or right of way over the roadway to their properties from the township road.

## III. DISCUSSION

The threshold question which must be considered by the court is whether defendants had the right to erect speed bumps even if they do not constitute an unreasonable obstruction. The determination of this issue depends on whether or not the abutting property owners along the roadway are the owners in common of the right of way or are the owners of the servient tenement subject to plaintiffs' right of an easement across it.

If they are the owners in common of the right of way to the extent that upon vacation thereof all would own the fee as tenants in common, then no user has the right to alter the character of the lane or way without the consent of the other: Ellis v. Academy of Music, 120 Pa. 608 (1888).

On the other hand, if the abutting property owners own the fee of a servient tenement subject to the right of passage by others, they may make use of it in any way which does not substantially interfere with the easement: Dyba et ux. v. Borowitz, 136 Pa. Superior Ct. 532 (1939).

We have no doubt and so find the facts in this case logically support and justify the latter principle. Generally, the deeds of the landowners on the western side call for the boundary to be adjacent to the landowners directly opposite on the eastern side with no mention of the easement or lane. The easement apparently grew up by prescription and there is no doubt that upon abandonment the fee would not revert to those who have an easement over it but to the property owners adjacent thereto. We adopt the posi-

tion that defendants are the owners of the fee of a servient tenement over which a right of way exists in plaintiffs and defendants may make any use of the land which does not substantially interfere with the easement.

Do the speed bumps constitute an unreasonable or substantial interference with plaintiffs' easement? Under the facts and circumstances of this case at the present time, we hold that they do not. At the invitation of litigants' counsel, the court made a personal inspection and drove his car over the speed bumps four different times at speeds varying from five to ten miles per hour and negotiated them without difficulty. In fairness to all parties concerned, however, when they are traversed at 10 miles per hour, they constitute a potent reminder to slow down. We, likewise, found over the remaining unpaved roadway that it was equally indicative that anyone who traveled over 10 or 15 miles per hour was jeopardizing both himself and his motor vehicle.

We perceive it our duty to consider and balance the relative injuries and benefits to be gained or suffered by the respective parties. Considering the resulting safety to persons, property and animals from reduced speed, we believe the inconvenience of slowing down and going over the bumps is insufficient to warrant equitable relief. See The Haig Corp. v. Thomas S. Gassner Co., 163 Pa. Superior Ct. 611 (1949).

We strongly suggest to the parties that they join in and process an application to have the roadway accepted as a township road where speeding may be curtailed in a normal and more reasonable fashion. In lieu of this procedure, if the parties would cause the remaining portions of the roadway to be paved, the court would be willing to consider some alternatives for speed control and safety. As the matter now

stands, it would appear that defendants have only added two more bumps to the dozens of others that already exist as a result of continued neglect, one of which they must regularly negotiate themselves.

## DECREE NISI

And now, March 23, 1972, we, therefore, enter the following decree nisi that

1. Plaintiffs' request for equitable relief be refused pending suggested future developments.

2. The court will entertain at any future time a petition for modification of this or the final decree upon the showing of any material change in circumstances.

3. Plaintiffs and defendants are ordered to share equally the costs of this action.

4. The prothonotary is directed to notify all parties of the filing of this decree nisi and if no exceptions are filed, pursuant to Pennsylvania rule of Civil Procedure 1518, this decree nisi shall be entered by the prothonotary on praecipe as the final decree, in accordance with Pa. R. C. P. 1519.