## Bisko v. Melnick

*Frank J. Fierro* and *Joseph J. McCluskey,* for plaintiffs.
*Charles R. Pedri,* for defendants.

DALESSANDRO, *J.,* September 15, 1980—

## NATURE OF PROCEEDINGS

This matter is before the court for decision after a hearing in which the facts of record were agreed to by the parties through a stipulation and admissions in the pleadings.

## STATEMENT OF ISSUES AND FINDINGS OF FACTS

Plaintiffs, Anthony and Kathryn Bisko, husband and wife, instituted this action by writ of summons on December 7, 1977. A complaint was filed on February 24, 1978, and defendants, Peter and Irene Melnick, husband and wife, responded on October 23, 1979 with an answer, new matter and counterclaim. Plaintiffs filed a reply to new matter and an answer to the counterclaim on December 13, 1979. The counterclaim has since been withdrawn.

The sole issue presented by the pleadings is whether defendants may be compelled to disconnect their sanitary sewer line from plaintiffs' private sanitary sewer line which traverses defendants' property by authority of an easement granted to plaintiffs by defendants' predecessors in title. At

the hearing held on May 19, 1980, the parties presented the court with a stipulation of facts which also included admissions from the pleadings. No dispute exists as to the facts essential to the resolution of this matter, and the court hereby adopts the stipulation as its findings of facts pursuant to Pa.R.C.P. 1517(a). The facts may briefly be summarized as follows:

By deed dated April 14, 1962, plaintiffs became owners in fee simple of the westerly one-half of lots 11 and 12, block number 621, of the Gravel Run addition to the City of Hazleton. The grantors therein also conveyed to plaintiffs an easement to construct a sewer line over grantors' premises immediately east of plaintiffs' premises. After one of said grantors died in 1970, the remaining grantor, by deed dated February 8, 1977, conveyed to defendants the balance of the premises—the easterly one-half of lots 11 and 12, block 621, of the Gravel Run addition. Thus, plaintiffs and defendants are adjoining landowners.

For a number of years after acquiring their property and constructing their sewer line plaintiffs enjoyed free and uninterrupted use of said line. In 1976, however, defendants unilaterally and without prior approval relocated plaintiffs' sewer line during the construction of their residence. During the relocation process defendants placed new pipes and fittings on the line. Approximately one year later, again without plaintiffs' consent or acquiescence, defendants connected a branch sewer line serving their residence onto plaintiffs' relocated line. Both families now use the sewer, thereby increasing the risk of blockage or damage. To date, however, there has been no blockage or damage to the line or to plaintiffs' premises.

## DISCUSSION AND CONCLUSIONS OF LAW

It has long been the law in Pennsylvania that the owner of the servient estate is entitled to the use of the easement to which it is subject so long as it is reasonably exercised and does not substantially interfere with the easement. See, e.g., Edwards v. Julian, 192 Pa. Superior Ct. 121, 159 A. 2d 547 (1960) (driveway); Kloock v. Rusnack, 150 Pa. Superior Ct. 45, 27 A. 2d 787 (1942) (spring). As noted in Reed v. Reese, 473 Pa. 321, 328, 374 A. 2d 665, 668 (1976):

"Where a use as a park is asserted under such circumstances as prevail here, the servient owner is not deprived of possession and use. His possession and use as to that portion of the property designated a park is only limited to the extent his use does not interfere with the dominant owner's use as a park. And although such a limitation may be greater in degree than a limitation resulting from an easement in a street, it does not differ in kind. Clearly an easement for a right of way limits the servient owner's use and possession to practically no use for himself, other than as a street or right of way. Likewise, the servient owner of land subject to use as a park is practically also limited to use the area as a park. But, it still allows the servient owner possession and, at least one use, that is, as a park. Furthermore, any use the servient owner can devise that is not inconsistent with a use as a park by the dominant owner may also be engaged in."

We have been unable to locate any cases from Pennsylvania or any other jurisdiction directly on point with the facts at bar. The cases discussed in the annotation cited by plaintiffs, Right of Private

Sewerage System Owner to Enjoin Unauthorized Use, 76 A.L.R. 2d 1329, deal with private sewer lines located in public streets or on the owner's property itself rather than private lines traversing a neighbor's land by authority of an easement. One case, Smala v. Stewart, 49 Pitts.L.J. 207 (1902), appears to hold that where a property owner makes an unauthorized connection into a private sewer running under a portion of his sidewalk, a court may not give its imprimatur to the hook-up even though it may require the line itself to be relocated.

We believe, however, that certain equitable considerations as well as the principles of law concerning the use of an easement by a servient owner, when applied to the undisputed facts of this case, require the dismissal of plaintiffs' complaint. Defendants' use of plaintiffs' sewer line has caused no harm to the line, is reasonable, and does not interfere with plaintiffs' use of the easement. As illustrated by defendants' exhibit "A" attached to their answer to the complaint, their use of the sewer involves only a small portion of the total length of that section of the line on defendants' property. Moreover, defendants have expended sums for improvements to the line—improvements which benefit plaintiffs, also.

To enjoin defendants' use of the sewer is too drastic a remedy in view of the equities involved here. We hold, therefore, that on this specific set of facts, plaintiffs are entitled to no relief. This does not mean, however, that should defendants' use of the easement become burdensome or unreasonable or in any way interfere with plaintiffs' use, plaintiffs may not seek relief at that time. The foregoing constitutes our conclusions of law as required by Pa.R.C.P. 1517(b).

## DECREE NISI

It is hereby ordered, adjudged and decreed that plaintiffs' complaint in equity is dismissed.

The prothonotary is directed to give notice of the entry of this decree nisi to the parties pursuant to Pa.R.C.P. 1517(b).