**Megg VAN RADEN, n/k/a Megg Shaw, Appellant (Defendant),**

v.

**Walter HARPER and Arian Harper, Appellees (Plaintiffs).**

No. 94-37.

Supreme Court of Wyoming.

March 6, 1995.

Lynne A. Collins and John Fenn of Yonkee & Toner, Sheridan, for appellant.

Hardy H. Tate, Sheridan, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellant challenges a ruling prohibiting her, as owner of a right-of-way easement, from substituting cattle guards for gates on that easement.

We reverse.

## I. ISSUES

Appellant presents the following issue:

Where an easement for a road has been expressly granted, can the owner of the dominant estate substitute cattle guards for gates installed by the owners of the servient estate?

Appellees agree with this statement of the issue.

## II. FACTS

Appellant, Megg Shaw (Shaw), purchased a home in Sheridan County, Wyoming. The parcel of land on which the home is located is accessed via a right-of-way easement that crosses property owned by appellees, Walter and Arian Harper (Harpers). When Shaw purchased the home, there were two gates that crossed the easement. One gate exited into Beckton Hall Road and the second gate exited into a horse pasture used by the Harpers' son, Wayne Harper. Shaw replaced both gates with cattle guards. The Harpers filed suit seeking injunctive relief.

## III. DISCUSSION

The issue presented in this case is whether the substitution of cattle guards for gates on a right-of-way easement materially increases

the burden on the servient estate. This is a question of law. *Mize v. Ownby*, 189 Tenn. 207, 225 S.W.2d 33 (1949). Questions of law are reviewed *de novo*. *Davidson v. Sherman*, 848 P.2d 1341, 1343 (Wyo.1993). In construing the easement, we consider the plain language of the granting document in light of the surrounding circumstances. *Bland Lake Fishing and Hunting Club v. Fisher*, 311 S.W.2d 710, 715–16 (Tex.Civ.App. 1958).

The easement at issue reads, in pertinent part:

> Walter D. Harper and Arian C. Harper, husband and wife, GRANTORS, * * * grant and convey unto Neal W. Harper and Pamela J. Harper, husband and wife, * * * [and their] assigns and successors in interest, GRANTEES, an easement and right-of-way twenty (20) feet in width across * * * lands owned by GRANTORS and situate in Sheridan County, Wyoming * * *.

> \*   \*   \*   \*   \*   \*

> For the purpose of using the existing road which intersects the Beckton Hall County road and gives GRANTEE access to the following lands owned by GRANTEE in Sheridan County, [legal description of land Wayne Harper lost to foreclosure, now owned by Shaw].

> IT IS EXPRESSLY UNDERSTOOD by the GRANTORS that this easement is given to the GRANTEES and their successors in interest upon the condition that the GRANTEES and their successors in interest shall be responsible for the [maintenance] and care of said access road * * *.

■ The owner of an easement cannot materially enlarge the burden on the servient estate or impose a new burden on the servient estate. *Bard Ranch Co. v. Weber*, 557 P.2d 722, 731 (Wyo.1976) (*quoting* 25 Am. Jur.2d *Easements and Licenses* § 72 at 478 (1966)). When a right-of-way easement is granted, a right of passage is given. *Bard Ranch Co.*, 557 P.2d at 730 (*quoting Edwards v. Julian*, 192 Pa.Super. 121, 159 A.2d 547, 549 (1960)). The owner of the servient es-

tate, of course, retains all rights of ownership which are consistent with the use of the easement. *Bard Ranch Co.*, 557 P.2d at 730 (*quoting* 2 Thompson on Real Property 70 (1961 Repl., 1976 Supp.)). These competing rights must be balanced to promote the enjoyment of both the easement and the servient estate. *Bard Ranch Co.*, 557 P.2d at 730 (*quoting* 25 Am.Jur.2d, *supra*, at 478).

■ In *Mize*, 225 S.W.2d 33, the Tennessee Supreme Court considered whether the substitution of cattle guards for gates, by the owner of the dominant estate, materially increased the burden on the servient estate. Reasoning that the owner of the dominant estate has a right to maintain and improve the easement, the Tennessee Supreme Court held that the substitution of cattle guards for gates did not materially increase the burden on the servient estate. *Id.* at 35. *Mize* is directly on point and we adopt this reasoning as the rule in Wyoming.

The substitution of cattle guards for gates is logically consistent with Shaw's right to improve the easement. As the *Mize* court noted, opening and closing two different gates each time one enters or leaves the dominant estate is quite burdensome. *Id.* at 34. Further, substituting cattle guards for gates promotes the primary goal of the easement which is to provide convenient passage to and from the dominant estate. *See, Salvaty v. Falcon Cable Television*, 165 Cal. App.3d 798, 212 Cal.Rptr. 31, 35 (1985). We hold that the substitution of cattle guards for gates on a right-of-way easement is a permissible improvement of the easement and does not materially increase the burden on the servient estate.

Our holding cannot be squared with the district court's ruling that Wayne Harper established a prescriptive right to a gate on his horse pasture. Wayne Harper's demand for a gate is inconsistent with the use of the easement as we have defined it and is, therefore, precluded. *Bard Ranch Co.*, 557 P.2d at 730.

### IV. CONCLUSION

The decision of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

LEHMAN, Justice, dissenting, with whom GOLDEN, Chief Justice, joins.

I respectfully dissent from the majority opinion.

The majority states:

> The issue presented in this case ·is whether the substitution of cattle guards for gates on a right-of-way easement materially increases the burden on the servient estate. ***This is a question of law. Questions of law are reviewed de novo.***

(Citation omitted and emphasis added.) I disagree with that standard of review.

Whether the owner of an easement enlarges or imposes a new burden on the servient estate is a question of fact. Courts dealing with this issue, *McBride v. McBride*, 581 P.2d 996, 998 (Utah 1978); *Tanaka v. Sheehan*, 589 A.2d 391, 396 n. 8 (D.C.App.1991); and even *Mize v. Ownby*, 225 S.W.2d 33 (Tenn.1949) upon which the majority relies, make reference to the facts in those individual cases. Review should be based upon the evidence; and when, as here, there is sufficient evidence to support the findings of the trial court, the result should be to affirm.